UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

  v.                                  Case No. 11-C-755

STIFEL NICOLAUS & CO, INC.,
DAVID W. NOACK,

       Defendants.

## COURT MINUTES
### HONORABLE CHARLES N. CLEVERT, JR., PRESIDING

| | |
|---|---|
| Date: | August 19, 2014 |
| Proceeding: | Motions Hearing |
| Start Time: | 3:08:32 p.m.     End Time: 3:13:52 p.m. |
| | 4:31:37 p.m.              5:22:44 p.m. |
| Deputy Clerk: | Kris Wilson     Court Reporter: FTR Gold |
| Appearances: | Steve Seeger, Robert Moye, and Susan Knepel for the SEC<br>Richard Kuhlman and David J. Turek for Stifel Nicolaus<br>Ronald Kane for David Noack<br>Jennifer Conn and Michael Wirth for Intervenor RBC |
| Disposition: | SN's Motion to Compel SEC to Identify Specific Bates Ranges and Produce Documents Responsive to SN's First Request for Production is granted. [53]<br><br>SEC's Motion to Compel Complete Answers to the Interrogatory about RBC is granted in part and taken under advisement in part. [72]<br><br>SEC to submit its findings, including methodology, as to how many times it has been compelled to produce documents which were |

subject to a confidentiality order.

Court sets a hearing for September 9, 2014, at 1:30 p.m., to render a decision as to the RBC documents and select waiver.

Joint Motion for Extension of Time to Extend Discovery Schedule is Granted. [81] The schedule is modified as follows:
- Parties to complete fact discovery by 12/31/14
- Plaintiff to complete expert disclosures/reports by 1/30/15
- Parties to complete plaintiff's expert depositions by 2/27/15
- Defendants to complete expert disclosures/reports by 3/31/15
- Parties to complete defendants' expert depositions by 4/30/15
- Status conference is set for 5/19/15 at 11:00 a.m.

Notes: Attorney Seeger indicates that the parties have resolved a number of discovery disputes on their own. The court directs the parties to the jury room to confer regarding the pending motions.

Break

Attorney Seeger reports that the parties have resolved 2 out of 3 issues. Only the motion to compel as to RBC's privileged documents remains at issue. The other matters are resolved as follows:

SEC's Motion to Compel [72]: SN will supplement its interrogatory responses and state under oath that it does not recall any other statements Noack made to the school districts. SN retains the right to supplement. To the extent possible, SEC requests that any supplement be submitted before summary judgment. SN agrees it will be as timely as possible but does not want to be precluded from supplementing its responses should something come to light at the time of summary judgment.

SN's Motion to Compel SEC [53]: Parties agree that SN will select 20 requests from the range of requests 11-78. SEC will in good faith select with particularity responsive documents for production. Parties indicate that they are not trying to set up a preclusion motion down the road. They are not trying to withhold anything from one another.

Parties agree that the transcript of this proceeding will suffice as a record of their stipulations.

Parties address the RBC documents. SN believes that Royal Bank waived any privilege when it produced the documents to the SEC, therefore, the documents should be produced. Court notes that RBC is fighting an uphill battle. Attorney Conn disagrees with SN's

analysis. *Dellwood Farms* left the door open to selective waiver where there is a confidentiality agreement. RBC took precautions before producing documents to the SEC to maintain privilege. Documents were not produced until a confidentiality agreement was reached. Counsel also discusses procedural history. Instead of making the motion in state court, SN came here which RBC deems as forum shopping. Moreover, It is not clear that the documents are relevant. RBC must show that privileged communications between RBC and its counsel are relevant to the claims or defenses in this case. Privileged communications which were never disclosed to SN could not have anything to do with SN's representations to school districts.

Court directs SN to address whether the information is relevant and whether the information has been at all times confidential except as to the SEC who received the information pursuant to a confidential agreement.

Attorney Kuhlman says SN is at a disadvantage because it has never seen the documents. RBC assumed a risk by producing the documents to the SEC. SN relied upon RBC's representations and omissions when it presented its program to the school districts. SN needs to know what RBC knew about their own product. The information may be relevant as to whether there were omissions and may bear are on whether RBC's statements were true or not. As to the state court motions, SN did not file motions in state court. Judge Nettesheim never considered the 137 pages being discussed here. SN relies upon *Burden v. Meeks.* Selective waiver is not an option.

Attorney Conn responds. RBC's privileged communications do not have to be the vehicle for that discovery. SN has not established that this is anything more than a fishing expedition. Attorney Conn next addresses RBC's account of Judge Nettesheim's order. The issue before the judge related to an affirmative disclosure that was made with respect to other information and there was an argument that resulted in subject matter waiver. Attorney Conn disagrees with the analysis of *Burden v. Meeks*.. The Seventh Circuit has not opined in particular circumstances where there is a robust confidentiality agreement that is honored by the regulator to whom the documents were produced.

Attorney Seeger adds that courts should hesitate to find a waiver in this particular context. A finding of waiver would have a chilling effect. Court asks the SEC how many times it has been compelled to produce documents which were subject to a confidentiality order. SEC can write the court of its findings in a week. Constitutional

avoidance applies here. RBC's internal communications with its lawyers do not have any bearing on what SN said to the school districts.

Attorney Kuhlman replies. RBC thought the information was important enough to take a risk when it produced documents to the SEC.

Court takes the matter under advisement. Court raises the possibility of conducting an in camera review. SN does not oppose the court's suggestion as long as it considers admissibility and whether the documents could lead to other discoverable evidence. RBC does not oppose an in camera review either but disagrees that the documents should be viewed with an eye toward whether the material could lead to other discoverable information. Court will review the case law discussed today and take into consideration the SEC's submission of similar disclosures under similar circumstances.

Attorney Seeger indicates that the parties have made progress in discovery but there have been some scheduling challenges. Additional time is needed to wrap matters up. Attorney Kuhlman agrees. Court is satisfied that additional time is warranted particularly in light of the progress made today and the need for a decision with respect to the RBC documents.

Attorney Seeger will submit a letter to the court within 48 hours. Attorney Kuhlman asks that the SEC include its methodology in how they gathered its data. Court sets a hearing for September 9, 2014, at 1:30 p.m. to render its decision. Parties may appear by phone.

Parties believe the court's assistance may be needed at some point down the road, just not yet.

Court clarifies that it will not conduct an in camera review at this stage. Court is inclined to rule based upon the submissions and arguments of counsel.