IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:11-cv-755 |
| STIFEL, NICOLAUS & CO., INC., et al., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT STIFEL, NICOLAUS & CO.'S BRIEF IN SUPPORT OF
FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING
ROBERT W. BAIRD & COMPANY, INC.'S DECISION NOT TO
IMPLEMENT ITS OWN VERSION OF THE GOAL PROGRAM**

In February 2007, months after all three of the transactions at issue had closed, David Noack elected to leave Stifel and join one of its competitors, Robert W. Baird & Co., Inc. ("Baird"). As we now know, the spring of 2007 was the beginning of what has become widely known today as the "Financial Crisis." As the Financial Crisis began to unfold, Baird was engaged in the process of learning about the GOAL Program and deciding whether Baird wanted to pursue its own version of the GOAL Program, known as the Deferred OPEB Trust Solution or ("DOTS"). Ultimately, Baird did not consummate any transactions through its DOTS Program.

Stifel anticipates that the SEC may seek to offer evidence regarding Baird's decision not to execute any transactions through its DOTS Program. Any such evidence is likely to be viewed by a jury as an indictment of Stifel's GOAL Program or at least some criticism of the suitability of the investment presented within the GOAL Program. Because such testimony would not include any relevant facts, it should be excluded under Fed. R. Evid. 401, 402, 403, and 701.

Relevant evidence has a tendency to make a fact more or less probable than it would be without the evidence and is of consequence to determine the action. Fed. R. Evid. 401. Evidence that does not tend to prove or disprove any material fact or issue in the case is irrelevant and inadmissible. Fed. R. Evid. 402.

Even if evidence is relevant, it may still be excluded where its relevance is substantially outweighed by factors such as the danger of unfair prejudice, confusion of the issues, the risk of misleading the jury, undue delay, waste of time, or cumulative presentation of evidence. Fed. R. Evid. 403; *see also Cuff v. Trans States Holdings, Inc.*, 768 F.3d 605, 609 (7th Cir. 2014) (noting that while most opposing evidence will be "prejudicial," as it is designed to undermine the opponent's case, it will be excluded if *unfairly* prejudicial). District courts enjoy broad latitude to reject evidence that is cumulative to focus the evidence for the jury in a manner least likely to confuse it. *See Hamling v. United States*, 418 U.S. 87, 127 (1974).

The rationale allegedly underlying Baird's decision not to implement its DOTS Program - and specifically not to offer synthetic CDOs to its municipal clients - is not competent evidence of any fact that is relevant to the claims in this case. At a minimum, the applicable industry framework for assessing whether an investment is suitable for a client, NASD Interpretive Material ("IM")-2310-3, provides that:

> The two most important considerations in determining the scope of a member's suitability obligations in making recommendations to an institutional customer are the customer's capability to evaluate investment risk independently and the extent to which the customer is exercising independent judgment in evaluating a member's recommendation.

This suitability analysis is very individualized and thus one Baird could not have performed in light of the fact that it had no relationship, much less contact, with any of the OPEB Trusts at the time that those Trusts made their respective investment decisions. Additionally, there will be no evidence that Baird possessed any first-hand knowledge regarding what Stifel

2

knew about the OPEB Trusts, the underlying investments, the OPEB Trusts' understanding of those investments, the investment decision-making process engaged in by each of those trusts, and/or any representation made by Stifel to any of the Trusts or their Districts.

The mere fact that another municipal finance banker concluded, in the light of completely different economic circumstances, not to offer CDOs to municipal clients through a different program tells the fact finder nothing about the suitability of CDO's for Stifel's municipal clients, much less anything about the truth or materiality of any alleged representation or omission made months earlier. Even more obvious is the fact that nothing about Baird's decision not to sell CDOs to municipal investors informs the fact finder as to defendants' mental state in connection with the CDO transactions and any alleged representations or omissions made in connection with those transactions. Baird's decision about the GOAL Program, made at a different time, under different financial conditions and circumstances, is not informative, much less dispositive, of truth, materiality or scienter with respect to transactions that occurred months earlier. Consequently, Rules 401 and 402 compel the exclusion of this type of evidence.

Moreover, any purported probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, and wasting time. Therefore, this evidence should be excluded under Rule 403. Mr. Noack proposed that Baird offer its own version of the GOAL Program, and Baird declined; doing so *after* the Districts had already invested through Stifel and after the Financial Crisis had begun to unfold.

Furthermore, the program that Baird considered and rejected differed in significant ways from the Program in which the Trusts participated. For example, aside from a dramatically different financial climate in which Baird considered offering its DOTS Program, Baird's DOTS Program would have involved a different investment manager than those involved in the GOAL

3

Program.  The pricing and yield on the investment offered through Baird's DOTS Program also would have been different.  In fact, there was not even any certainty that RBC would have been the investment banker on the DOTS Program.  In other words, Baird declined to implement a program that would have been materially different than the GOAL Program that existed while Mr. Noack was at Stifel.  These differences raise the risk of confusing the jury into thinking that Baird rejected the GOAL Program as implemented by Stifel with respect to the transactions at issue in this case.

Finally, the SEC should not be allowed to offer evidence regarding Baird's decision not to permit its bankers to sell CDOs to municipal investors, such as the Trusts, because such evidence constitutes nothing more than unqualified and undisclosed expert testimony, the introduction of which is contrary to Fed. R. Evid. 701 and 702 and Fed. R. Civ. P. 26(a)(2).  Any opinions Baird may have regarding the suitability of CDOs for the Trusts or more generally about the viability of the GOAL Program necessarily derive from Baird's specialized knowledge as a participant in the financial services industry and thus constitutes expert testimony.  The SEC never disclosed any individual from Baird as an expert, as mandated by Fed. R. Civ. P. 26(a)(2).

For all of these reasons, the Court should not allow the SEC to offer evidence or argument concerning Baird's decision not to implement its own version of the GOAL Program.

4

Case 2:11-cv-00755-JPS   Filed 08/01/16   Page 4 of 5   Document 223

Dated this 1st day of August, 2016

                By:   /s/ Richard H. Kuhlman
                        Jeffrey J. Kalinowski
                        Richard H. Kuhlman
                        Hal A. Goldsmith
                        John J. Schoemehl
                        BRYAN CAVE LLP
                        One Metropolitan Square
                        211 North Broadway, Suite 3600
                        St. Louis, MO 63102-2750
                        (314) 259-2000 – Phone
                        (314) 259-2020 – Fax
                        jeff.kalinowski@bryancave.com
                        rick.kuhlman@bryancave.com
                        hal.goldsmith@bryancave.com
                        john.schoemehl@bryancave.com

                        Brian G. Cahill
                        David J. Turek
                        GASS WEBER MULLINS LLC
                        309 N. Water Street, Suite 700
                        Milwaukee, Wisconsin 53202
                        (414) 223-3300 - Phone
                        (414) 224-6116 - Fax
                        cahill@gasswebermullins.com
                        turek@gasswebermullins.com

                        *Counsel for Defendant*
                        *Stifel Nicolaus & Company, Incorporated*

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a true and correct copy of the foregoing was filed using the Court's CM/ECF Filing System on all counsel of record.

                        /s/ Richard H. Kuhlman
                        Richard H. Kuhlman