IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) STIFEL, NICOLAUS & CO., INC., et al., ) ) Defendants. ) | Case No. 2:11-cv-755 |

**DEFENDANT STIFEL, NICOLAUS & CO.'S BRIEF IN SUPPORT OF SEVENTH MOTION IN LIMINE TO EXCLUDE HEARSAY EVIDENCE OF STIFEL'S KNOWLEDGE AND ANALYTICAL CAPABILITIES**

At deposition, the SEC's retained expert witnesses purported to testify about the defendants' capabilities to perform analyses and due diligence relating to the investments at issue in this litigation, as well as about what defendants supposedly knew about industry norms and other facts at the time of the relevant events. The SEC's experts lack demonstrable, firsthand knowledge of what Stifel (or anyone other than themselves) knew at any given time, about what information was available to Stifel, or about what analytical capabilities Stifel did and did not have during the relevant time period.

Fed. R. Evid. 602 provides that a witness may "testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Expert testimony under Rule 703 is excluded from this rule, but this exclusion only covers competent opinion testimony, not baseless speculation about factual matters. *See Highland Capital*, 379 F. Supp. 2d 461, 468-9 (S.D. N.Y. 2005) (holding that testimony about a party's state of mind "lie[s] outside the bounds of expert testimony."). Because these witnesses lack personal knowledge about what Defendants knew, what information was accessible to them at

the relevant time, and what they were able to do with that information, they should be barred from testifying about these topics. Indeed, these witnesses do not even have hearsay knowledge of these subjects, having admittedly failed even to talk to anyone who was affiliated with Stifel about these issues.

If the SEC wishes to elicit testimony about what capability defendants had to analyze these investments, what information they could access, or what they knew at that time, it should be required to do so by asking witnesses with personal knowledge of these facts, rather than the hired witnesses, who can only speculate.

Based on the foregoing, evidence from the SEC's retained expert witnesses purported to testify about the defendants' capabilities to perform analyses and due diligence relating to the investments at issue in this litigation, as well as about what defendants supposedly knew about industry norms and other facts at the time of the relevant events should be excluded in limine.

Dated this 1st day of August, 2016

By:   /s/ Richard H. Kuhlman
Jeffrey J. Kalinowski
Richard H. Kuhlman
Hal A. Goldsmith
John J. Schoemehl
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
(314) 259-2000 – Phone
(314) 259-2020 – Fax
jeff.kalinowski@bryancave.com
rick.kuhlman@bryancave.com
hal.goldsmith@bryancave.com
john.schoemehl@bryancave.com

Brian G. Cahill
David J. Turek
GASS WEBER MULLINS LLC
309 N. Water Street, Suite 700
Milwaukee, Wisconsin 53202
(414) 223-3300 - Phone
(414) 224-6116 - Fax
cahill@gasswebermullins.com
turek@gasswebermullins.com

*Counsel for Defendant*
*Stifel Nicolaus & Company, Incorporated*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed using the Court's CM/ECF Filing System on all counsel of record.

  /s/ Richard H. Kuhlman
Richard H. Kuhlman

3

Case 2:11-cv-00755-JPS   Filed 08/01/16   Page 3 of 3   Document 229