IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:11-cv-755 ) |
| STIFEL, NICOLAUS & CO., INC., *et al.*, | ) ) ) |
| Defendants. | ) |

**DEFENDANT STIFEL, NICOLAUS & COMPANY, INCORPORATED'S
MEMORANDUM IN GENERAL OPPOSITION TO THE SECURITIES AND
EXCHANGE COMMISSION'S MOTIONS IN LIMINE**

The Securities and Exchange Commission ("SEC") filed a twenty-two (22) page speaking motion, in addition to separate briefs in support of each of its fourteen (14) motions in limine (for a total of 165 pages of argument on these evidentiary issues). Stifel, Nicolaus & Co. ("Stifel") is filing separate memoranda addressing each of the SEC's separate briefs. This Memorandum, however, provides an overview of Stifel's positions on the various motions in an effort to expedite the Court's review of the issues.

The SEC's overheated and lengthy rhetoric about Stifel's refusal to consent to the SEC's vague, imprecise, sweeping requests to exclude evidence and argument contained in the SEC's fourteen (14) motions in limine is a disingenuous and an unnecessary distraction. Stifel notes that it engaged in no less than three telephonic meet and confer sessions with the SEC regarding its motions. In addition, there were a series of email exchanges, in an effort to resolve the issues raised in the SEC's motions, as well as other issues. Stifel proceeded in good faith. As explained in its opposition briefs – and to the SEC's counsel during the meet and confer sessions – Stifel agrees with some of the fundamental legal principles enunciated in the SEC's motions.

But in each case, the SEC has requested an exclusion of evidence and argument that extends well beyond the recognized legal principles discussed.

In many cases, the contours of the exclusion that the SEC seeks is not even clear (such as its request in the Tenth Motion in Limine for an order excluding "any evidence, or any arguments or suggestions to the jury, that seek to undermine the Court's ruling on the motion to dismiss" (Doc. 210 at 2) or one excluding "any evidence or arguments at trial that 'blame the victim'" in the Fourth Motion (Doc. 204 at 1)). As a whole, the SEC's motions seek to unreasonably and impermissibly limit Stifel from offering a wide array of relevant evidence and arguments essential to Stifel's defense. Sadly, the motions also attempt to create the illusion of disputes where none exist and, at times, make unfounded inflammatory accusations under the guise of discussing evidentiary issues.

Five of the SEC's motions seek to limit or exclude evidence regarding the Royal Bank of Canada ("RBC). *See* Docs. 205, 206, 207, 211, and 212 (the Fifth, Sixth, Seventh, Eleventh, and Twelfth Motions in Limine). RBC manufactured the investments at issue and significantly contributed to the total mix of information upon which both the School Districts and Stifel relied. That information included prospectuses, investment letters, a detailed written presentation and verbal representations made by three different RBC representatives. The supposed misstatements that Defendants allegedly made to the School Districts were based, in whole or in part, on Defendants' understanding of the information provided to it by RBC. Thus, RBC's actions and statements are squarely relevant to the element of scienter. Likewise, they are relevant to materiality, because of RBC's significant contributions to the total mix of information.

Further, RBC's actions provide critical context for the events at issue here. The SEC has already pursued claims against RBC and a cease and desist order was entered against it after RBC elected to settle the action and not oppose the entry of the findings by the agency. The cease and desist order includes findings that RBC had misrepresented the safety of the investments at issue in a number of ways. Incredibly, the SEC seeks to hide this fact from the jury, although its admission that RBC misrepresented the risk of the investments is squarely relevant to whether Stifel knowingly misrepresented the safety of the investments and contradictory to its position here that Stifel had no basis to believe the things that it was saying to the School Districts.

The SEC characterizes many of the other motions in limine as addressing "evidence that is out-of-bounds in securities fraud cases generally, or in SEC enforcement actions in particular" (Doc. 200 at 2), but these boilerplate motions seek to exclude broad categories of evidence and argument that extend well beyond what is authorized by the uncontroversial case law that it cites.

Moreover, the SEC's motions frequently knock down strawman arguments that Defendants are not making. For example, the First Motion in Limine argues at length that a defendant who intentionally deceives investors may not escape liability for securities fraud by showing that it did not intend any harm. Stifel has made no such argument. Stifel, instead, will adduce evidence that it did not intend to deceive the Districts and had no motive to do so. Plainly, this goes to the element of scienter. Likewise, although the title of the Second Motion in Limine purports to address "lay opinion testimony about Defendants' intentions or mental states," the argument contained in that motion includes a request to exclude from trial any evidence from School District witnesses regarding his or her understanding of statements made by Stifel representatives. This testimony is squarely relevant to the role that Defendants'

representations played in the Districts' decision-making process and, thus, to materiality (as courts acknowledge that materiality is evaluated through the lens of a "reasonable investor," but that the actual investors' reactions are still relevant and probative of the reasonable investor's view).

Perhaps most illustrative of the SEC's disingenuous approach is the SEC's Third Motion in Limine which seeks to exclude evidence as irrelevant on a number of subjects that the SEC's *own Complaint* repeatedly puts at issue. For example, the Complaint repeatedly alleges that the Districts relied to their detriment on misrepresentations by Defendants, but the SEC inexplicably argues in its Third Motion that Stifel should be barred from adducing evidence or argument to refute the SEC's own contentions about reliance.

Likewise, the SEC seeks to bar Stifel from explaining the role of the financial crisis and the manipulation of the credit selection process by RBC on the failure of the investments, despite the fact that the Complaint details the losses of the School District investments. Put simply, the SEC wants to adduce evidence that the investments lost money in order to suggest statements regarding the safety of the investments were false, yet prohibit Stifel from adducing evidence about what caused the losses.

In a similar vein, in addition to the fact that it seeks exclusions that are so vague as to make the crafting of an order impossible (seeking the preclusion of evidence or argument that "blames the victim"), the SEC's Fourth Motion in Limine seeks to exclude evidence that is directly relevant to whether Stifel knowingly recommended to the Districts an unsuitable product. Whether Stifel knowingly recommended an unsuitable investment will depend, in part, on how sophisticated Stifel thought the Districts were and what Stifel thought about the Districts' capability of performing its own diligence regarding the investments. This evidence cannot be

4

Case 2:11-cv-00755-JPS   Filed 08/15/16   Page 4 of 7   Document 261

representations played in the Districts' decision-making process and, thus, to materiality (as courts acknowledge that materiality is evaluated through the lens of a "reasonable investor," but that the actual investors' reactions are still relevant and probative of the reasonable investor's view).

Perhaps most illustrative of the SEC's disingenuous approach is the SEC's Third Motion in Limine which seeks to exclude evidence as irrelevant on a number of subjects that the SEC's *own Complaint* repeatedly puts at issue. For example, the Complaint repeatedly alleges that the Districts relied to their detriment on misrepresentations by Defendants, but the SEC inexplicably argues in its Third Motion that Stifel should be barred from adducing evidence or argument to refute the SEC's own contentions about reliance.

Likewise, the SEC seeks to bar Stifel from explaining the role of the financial crisis and the manipulation of the credit selection process by RBC on the failure of the investments, despite the fact that the Complaint details the losses of the School District investments. Put simply, the SEC wants to adduce evidence that the investments lost money in order to suggest statements regarding the safety of the investments were false, yet prohibit Stifel from adducing evidence about what caused the losses.

In a similar vein, in addition to the fact that it seeks exclusions that are so vague as to make the crafting of an order impossible (seeking the preclusion of evidence or argument that "blames the victim"), the SEC's Fourth Motion in Limine seeks to exclude evidence that is directly relevant to whether Stifel knowingly recommended to the Districts an unsuitable product. Whether Stifel knowingly recommended an unsuitable investment will depend, in part, on how sophisticated Stifel thought the Districts were and what Stifel thought about the Districts' capability of performing its own diligence regarding the investments. This evidence cannot be

excluded on the grounds that it might cause jurors to think that the Districts should have done something differently in their evaluation of the investments.

The SEC's Eighth Motion in Limine seeks to exclude any evidence that the Defendants made payments to settle the litigation with the School Districts. Stifel does not oppose that motion, so long as the SEC is precluded from mentioning the state court litigation to the jury. If the SEC is permitted to open that door (which it should not be), Stifel must be allowed the discretion to advise the jury as to how that litigation concluded, if Stifel decides that this is necessary to minimize the prejudice posed by such a disclosure.

The Ninth Motion filed by the SEC is another effort to knock down a strawman: Stifel does not intend to argue that it believed any statement it is alleged to have made was true based on what its counsel told Stifel. Once again, however, the motion seeks to exclude a much broader (and confusingly vague) swath of evidence about the "involvement" of attorneys in the underlying transactions. Stifel, RBC and the School Districts each had counsel. Counsel for each engaged in non-privileged communications, much of which is relevant. Such communications were integral to the transactions and cannot be excluded by improperly characterizing them as "advice of counsel."

In addition to being fatally vague (seeking to bar "arguments that undermine the ruling on the motion to dismiss"), the SEC's Tenth Motion in Limine is also based on a fundamental misunderstanding of the nature of the Court's ruling on the motion to dismiss, as well as an apparent misunderstanding of the concept of the "law of the case." The Court's refusal to grant the motion to dismiss on certain grounds (puffery and the conflict between certain written disclosures and certain oral misrepresentations) does not amount to a finding by the court that the representations at issue were material or that they were untrue. As a result, the ruling on the

5

Case 2:11-cv-00755-JPS   Filed 08/15/16   Page 5 of 7   Document 261

motion to dismiss cannot limit the presentation of evidence regarding these elements of the claims that must be decided by the jury.

Stifel does not oppose the SEC's request to bar "undisclosed expert opinions" (advanced by the SEC in its Thirteenth Motion in Limine), provided that it is understood that experts are permitted to explain those opinions, and not limited to the exact language of their expert reports.

Finally, the SEC's Fourteenth Motion in Limine is the proverbial grab bag of evidentiary issues which Stifel opposes only in part. For example, Stifel agrees that it would be improper for Stifel to request entry of judgment in its favor because a contrary verdict would be damaging to Stifel, but this should not preclude Stifel from arguing that it had every incentive not to commit securities fraud, given the weighty penalties it knew would follow from such conduct.

Likewise, Stifel agrees that it would be improper to argue that it should prevail because it was not *as bad as* Bernard Madoff. But, to the extent that the SEC is permitted to argue that Stifel should have known that ratings given to the investments were not reliable indicators of the risk they posed, Stifel should be permitted to adduce evidence that the ratings organizations exist under the auspices of the SEC and that the SEC never identified the defects in the ratings methodology that the SEC now alleges, with the benefit of hindsight, that Defendants should have recognized at the time.

For these reasons, which are explained in more detail in the separate memoranda addressing each of the SEC's Motions in Limine, Stifel respectfully requests that the Court deny the pending motions (except to the extent indicated in the memoranda).

Dated this 15th day of August, 2016

                By:    /s/ Richard H. Kuhlman
                      Jeffrey J. Kalinowski
                      Richard H. Kuhlman
                      Hal A. Goldsmith
                      John J. Schoemehl
                      BRYAN CAVE LLP
                      One Metropolitan Square
                      211 North Broadway, Suite 3600
                      St. Louis, MO 63102-2750
                      (314) 259-2000 – Phone
                      (314) 259-2020 – Fax
                      jeff.kalinowski@bryancave.com
                      rick.kuhlman@bryancave.com
                      hal.goldsmith@bryancave.com
                      john.schoemehl@bryancave.com

                      Brian G. Cahill
                      David J. Turek
                      GASS WEBER MULLINS LLC
                      309 N. Water Street, Suite 700
                      Milwaukee, Wisconsin 53202
                      (414) 223-3300 - Phone
                      (414) 224-6116 - Fax
                      cahill@gasswebermullins.com
                      turek@gasswebermullins.com

                      *Counsel for Defendant*
                      *Stifel Nicolaus & Company, Incorporated*