IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 2:11-cv-755 |
| | ) |
| STIFEL, NICOLAUS & CO., INC., *et al.*, | )<br>) |
| Defendants. | ) |

**DEFENDANT STIFEL, NICOLAUS & CO.'S BRIEF IN OPPOSITION
TO THE SEC'S SECOND MOTION IN LIMINE (LAY OPINION
TESTIMONY ABOUT DEFENDANTS' MENTAL STATES)**

Stifel, Nicolaus and Company, Incorporated ("Stifel") does not anticipate asking any witness about what another witness thought or intended without laying an appropriate foundation. Similarly, Stifel does not intend to ask any lay witness for a legal conclusion or opinion. However, to the extent that this motion is intended to exclude evidence or testimony about whether the School Districts considered the representations made by Stifel to be material to their investment decisions, Stifel opposes the instant motion.

"While the test of materiality depends on a hypothetical reasonable investor, the actual [investor's] own testimony [about materiality] is both persuasive and revealing." *Branch-Hess Vending Servs. Emps.' Pension Tr. v. Guebert*, 751 F. Supp. 1333, 1340 (C.D. Ill. 1990). *Accord SEC v. Jakubowski*, 1997 WL 156544, at *8–9 (N.D. Ill. Mar. 31, 1997) (finding materiality based, in part, on the actual investors' decision making process); *State v. Stuber*, 1 P.3d 333, 344 (Kan. Ct. App. 2000) (same).

Further, the SEC's own Complaint shows that it has squarely put the School Districts' state of mind and decision-making process at issue. *See, e.g.,* Complaint ¶ 3 ("Stifel and Noack

ultimately convinced the School Districts to invest…."), ¶ 4 ("Stifel and Noack persuaded the School Districts…"), ¶ 5 ("Stifel and Noack induced the School Districts.…"), ¶ 10 ("[Stifel and Noack] also knew that the School Districts… relied on their recommendations."), ¶ 29 ("Stifel and Noack knew that the School Districts relied upon them for financial advice."). Based on the foregoing, Stifel should be permitted to adduce evidence of the investors' beliefs about the significance of the representations allegedly made to them by Stifel.[1]

Dated this 15th day of August, 2016

By: /s/ Richard H. Kuhlman
Jeffrey J. Kalinowski
Richard H. Kuhlman
Hal A. Goldsmith
John J. Schoemehl
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
(314) 259-2000 – Phone
(314) 259-2020 – Fax
jeff.kalinowski@bryancave.com
rick.kuhlman@bryancave.com
hal.goldsmith@bryancave.com
john.schoemehl@bryancave.com

Brian G. Cahill
David J. Turek
GASS WEBER MULLINS LLC
309 N. Water Street, Suite 700
Milwaukee, Wisconsin 53202
(414) 223-3300 - Phone
(414) 224-6116 - Fax
cahill@gasswebermullins.com
turek@gasswebermullins.com

*Counsel for Defendant*
*Stifel Nicolaus & Company, Incorporated*

---

[1] The SEC has filed a separate motion in limine seeking to exclude evidence relating to the School Districts' reliance on representations made by Stifel or RBC. *See* Doc. 203. For a more in-depth discussion of these issues, see Stifel's Brief in Opposition to the SEC's Third Motion in Limine (Reliance, Loss Causation, and the Financial Crisis), filed contemporaneously herewith.