IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   Case No. 2:11-cv-755 ) |
| STIFEL, NICOLAUS & CO., INC., *et al.*, | ) ) |
| Defendants. | ) |

**DEFENDANT STIFEL, NICOLAUS & CO.'S BRIEF IN OPPOSITION TO THE SEC'S TWELFTH MOTION IN LIMINE ("BARRING THE NONEXISTENT DEFENSE THAT RBC MANUFACTURED AND SOLD THE CDOS")**

The Twelfth Motion in Limine knocks down yet another strawman: Stifel Nicolaus and Company, Incorporated ("Stifel") does not intend to argue, nor has it ever even suggested that it might argue, that Stifel could not be liable merely because the Royal Bank of Canada ("RBC") manufactured the CDOs. Nevertheless, RBC's role as the manufacturer (as well as marketer and seller) of the investments at issue is relevant to a host of issues that will be before the jury. Accordingly, the Securities and Exchange Commission's ("SEC") motion should be denied to the extent that it seeks to bar such evidence or any arguments about the implications of the parties' respective roles to the elements of scienter and materiality.

First, RBC's role as manufacturer (and the fact that Stifel did not manufacture the product) is directly relevant to the element of scienter. Stifel is accused of misrepresenting certain details of the investments, so evidence regarding what Stifel knew, could know, did not know, and could not know about the products is critical to the question of whether Stifel made any misrepresentations intentionally or recklessly. Stifel's access to information about the products was, of course, affected by the reality that it did not manufacture the products.

Likewise, what RBC told Stifel about the products is relevant to Stifel's scienter. The fact that RBC was the manufacturer of the product informs, among other things, whether it was reckless for Stifel to rely on such information.

Second, RBC's role as manufacturer (and the fact that Stifel did not manufacture the products) is relevant to the question of materiality. The standard for materiality is whether there is "a substantial likelihood that a reasonable shareholder would consider [the representation or omission] important" in making investment decisions. *See TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976). In other words, there must be a substantial likelihood that the disclosure of an omitted fact or a misrepresentation would "have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Id.* This necessarily involves an assessment by the jury of the facts and circumstances relating to the provision of information about the investments—including the inferences that a reasonable investor would draw from such information. *See id.* at 449–50. In this case, that includes the fact that RBC was the manufacturer of the investments and was in a better position to have accurate and complete information than Stifel.

In light of the foregoing, evidence regarding RBC's role as the manufacturer of the investments at issue should not be excluded from the trial of this matter.

Dated this 15th day of August, 2016

                By:    /s/ Richard H. Kuhlman
                        Jeffrey J. Kalinowski
                        Richard H. Kuhlman
                        Hal A. Goldsmith
                        John J. Schoemehl
                        BRYAN CAVE LLP
                        One Metropolitan Square
                        211 North Broadway, Suite 3600
                        St. Louis, MO 63102-2750
                        (314) 259-2000 – Phone
                        (314) 259-2020 – Fax
                        jeff.kalinowski@bryancave.com
                        rick.kuhlman@bryancave.com
                        hal.goldsmith@bryancave.com
                        john.schoemehl@bryancave.com

                        Brian G. Cahill
                        David J. Turek
                        GASS WEBER MULLINS LLC
                        309 N. Water Street, Suite 700
                        Milwaukee, Wisconsin 53202
                        (414) 223-3300 - Phone
                        (414) 224-6116 - Fax
                        cahill@gasswebermullins.com
                        turek@gasswebermullins.com

                        *Counsel for Defendant*
                        *Stifel Nicolaus & Company, Incorporated*