IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:11-cv-755 ) |
| STIFEL, NICOLAUS & CO., INC., *et al.*, | ) ) |
| Defendants. | ) |

**DEFENDANT STIFEL, NICOLAUS & CO.'S BRIEF IN OPPOSITION TO THE SEC'S
FOURTEENTH MOTION IN LIMINE (PUTATIVE ADVERSE IMPACT)**

As with the SEC's prior motions in limine, the instant motion enunciates some general legal principles about which there is no dispute, fails to articulate specifically what evidence is being challenged, and specifically fails to identify the evidence that the SEC seeks to exclude. Stifel Nicolaus and Company, Incorporated ("Stifel") opposes the Fourteenth Motion in Limine, as detailed below.

**1.  Adverse Impact of Judgment Against Defendants**

Stifel does not intend to argue that the jury should not find liability against Defendants because an adverse verdict would be damaging to them.  Stifel intends to impress upon the jury, however, the serious nature of the allegations made by the SEC and that Stifel takes them seriously.  In addition, Defendants' awareness of the serious consequences of committing securities fraud at the time that the alleged misrepresentations were made is highly relevant to whether it is plausible to believe that Defendants would have knowingly misrepresented facts to the investors.  *See In re Sun Healthcare Group Inc. Securities Litig.*, 181 F. Supp. 2d 1283, 1296 (D. N.M. 2002) (finding no scienter where, among other things, there was no motive for the

alleged fraud, which would not have been in the defendants' self-interest); *SEC v. Leslie*, 2010 WL 2991038, *22 (N.D. Cal., July 29, 2010) (acknowledging that lack of motive is relevant to intent); *see also Berry v. Deloney*, 28 F.3d 604, 607 (1994) (internal citations omitted) ("Evidence is relevant simply if it tends to make a witness' testimony more or less credible."). Defendants should be permitted to put on such evidence and make such argument.

### 2. SEC Charging Decisions, "Unrelated SEC Cases," and Enforcement Priorities

The remainder of the SEC's Fourteenth Motion in Limine is directed to excluding evidence of the "SEC's enforcement priorities" and the "SEC's handling of other issues (*e.g.,* the financial crisis)." Doc. 214 at 1. Stifel is at a loss to see how an order could be crafted to respond to such a broad, vague request.

In any event, Stifel does not intend to argue about how Stifel's actions compare to other entities charged or not charged for unrelated misconduct by the SEC, but the SEC's prosecution of its claims against *RBC* and the fact that the SEC made findings that RBC misrepresented the safety of the investments at issue is relevant to the credibility of the SEC's assertion that Stifel engaged in intentional fraud. Stifel witnesses will testify that they believed the representations that they made to the Districts to be true based, in whole or in part, on what was communicated by RBC. The fact that the SEC found that RBC misrepresented the risk of the investments is directly relevant to the credibility of Stifel's testimony. *See* Stifel's contemporaneously-filed Brief in Opposition to the SEC's Fifth Motion in Limine regarding the RBC Cease-and-Desist Order. The SEC's findings go to the actual risk of the investments versus what Stifel knew about the risks. The findings also go to the SEC's allegations that the investments were unsuitable and further explain the cause of the losses, all of which the SEC details in its First Amended Complaint. *See* First Amended Complaint, ¶¶ 10, 177, 180, 181, 192-193, 195-196.

Other aspects of the SEC's oversight of the financial services industry are also relevant to the jury's assessment of the facts. For example, the SEC has asserted that Stifel acted improperly in relying on the investments' credit ratings for purposes of assessing their riskiness. The SEC even asserts that Stifel should have realized problems that have since been unearthed about Standard and Poor's ratings criteria and should have analyzed the risks posed based on standards that were adopted several years after the events at issue here. *See, e.g.,* Doc. 242 at 26 (SEC's *Daubert* motion directed against Erik Sirri). Stifel should be permitted to adduce evidence and make argument about the fact that the SEC had jurisdiction over the ratings agencies during this time period and that the SEC did not challenge the ratings methodologies then in place.

To the extent that the SEC's request to exclude evidence relates to the existence of the financial crisis and the role that the financial crisis played in the School Districts' losses, this evidence is relevant for the reasons explained in Stifel's contemporaneously-filed Brief in Opposition to the SEC's Third Motion in Limine (Reliance, Loss Causation, and the Financial Crisis).

Dated this 15th day of August, 2016

        By: /s/ Richard H. Kuhlman
           Jeffrey J. Kalinowski
           Richard H. Kuhlman
           Hal A. Goldsmith
           John J. Schoemehl
           BRYAN CAVE LLP
           One Metropolitan Square
           211 North Broadway, Suite 3600
           St. Louis, MO 63102-2750
           (314) 259-2000 – Phone
           (314) 259-2020 – Fax
           jeff.kalinowski@bryancave.com
           rick.kuhlman@bryancave.com
           hal.goldsmith@bryancave.com
           john.schoemehl@bryancave.com

           Brian G. Cahill
           David J. Turek
           GASS WEBER MULLINS LLC
           309 N. Water Street, Suite 700
           Milwaukee, Wisconsin 53202
           (414) 223-3300 - Phone
           (414) 224-6116 - Fax
           cahill@gasswebermullins.com
           turek@gasswebermullins.com

           *Counsel for Defendant*
           *Stifel Nicolaus & Company, Incorporated*