# EXHIBIT A

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Case No. 11-cv-755 |
| STIFEL, NICOLAUS & CO., INC. and DAVID W. NOACK, | : : : | Hon. Charles N. Clevert Jr. |
| Defendants. | : : : | |

## SECURITIES AND EXCHANGE COMMISSION'S
## PROPOSED JURY INSTRUCTIONS

Dated:  August 3, 2016

Steven C. Seeger
Robert M. Moye
Alyssa A. Qualls
Jeffrey A. Shank
Ariella O. Guardi
Kevin A. Wisniewski
175 W. Jackson Blvd., Suite 900
Chicago, IL  60604-2615

Attorneys for Plaintiff
U.S. Securities and Exchange Commission

of material fact to the School Districts. The SEC alleges that the defendants made false statements to the School Districts when describing the risks of the investments, the likelihood of defaults, and the safety of their initial investment amount, also known as principal. The SEC alleges that Stifel and Noack falsely told the School Districts, among other things, that: it would take "15 Enrons" for the School Districts to lose money; it would take a catastrophic, overnight collapse of 15 investment-grade companies for the investments to fail; 30 of 105 companies in the portfolio would have to go bankrupt, and that 100 of the top 800 companies in the world would have to go under before the School Districts would suffer a loss of principal; the country would have to suffer an economic collapse greater than the Great Depression before the School Districts would lose their money; and the investments were safe and similar to U.S. Treasuries.

The SEC also alleges that Stifel and Noack knowingly or recklessly made material omissions by failing to disclose important facts to the School Districts. An omission is a failure to tell the whole truth. An omission is a failure to disclose something when the nondisclosure makes something that the person did say misleading. The SEC alleges that Stifel and Noack did not disclose, among other things, that certain CDO providers had expressed concerns about the investments and declined to participate by providing proposed investments for those reasons and that the first portfolio performed poorly from the outset, with a number of credits suffering downgrades within weeks of closing.

The SEC also alleges that defendants Stifel and Noack knowingly or recklessly engaged in fraudulent or deceptive practices in connection with the investments. Among other things, the SEC alleges that Stifel and Noack defrauded the School Districts by knowingly or recklessly: appearing at school board meetings and recommending CDOs when they had not performed sufficient due diligence about the investment's risks; continuing to recommend the investments

23

even after they knew the first transaction performed so poorly from the outset that they wanted RBC to repurchase the notes; and creating and marketing an unmanageably risky product, through the use of substantial borrowing and the CDOs' structure, to unsophisticated and risk-adverse investors.

Finally, the SEC also alleges that Stifel and Noack recommended an unsuitable product that did not meet the investment needs of the School Districts. The SEC alleges that the Stifel and Noack knew, or were reckless in not knowing, that the School Districts lacked the requisite sophistication, capacity, and expertise to independently evaluate the risks of the CDOs. The SEC alleges that they also knew that the School Districts looked to them for financial advice.

The SEC alleges that Stifel and Noack acted knowingly or recklessly. The SEC also alleges, however, that Stifel and Noack acted, at a minimum, negligently in recommending the CDOs to the School Districts.

The SEC alleges that, through the aforementioned conduct, the defendants Stifel and Noack violated various securities laws governing fraud. The defendants deny all of the SEC's allegations against them.

The evidence in this case will include testimony from individuals (live and through video depositions) and expert witnesses. You may hear recordings (audio and video) of what the defendant Stifel told the School Districts through the defendant Noack, its Senior Vice President.

At the end of this trial, I will give you detailed instructions as to what the SEC, as the plaintiff, must demonstrate to show that the defendants violated the law. But at this point, I want to provide a brief overview of the SEC's claims and provide some basic preliminary guidance on those claims.

Districts would lose their money; and the investments were safe and similar to U.S. Treasuries.

The SEC also alleges that Stifel and Noack knowingly or recklessly made material omissions by failing to disclose important facts to the School Districts. An omission is a failure to tell the whole truth. An omission is a failure to disclose something when the nondisclosure makes something that the person did say misleading. The SEC alleges that Stifel and Noack did not disclose, among other things, that certain CDO providers had expressed concerns about the investments and declined to participate by providing proposed investments for those reasons and that the first portfolio performed poorly from the outset, with a number of credits suffering downgrades within weeks of closing.

The SEC also alleges that defendants Stifel and Noack knowingly or recklessly engaged in fraudulent or deceptive practices in connection with the investments. Among other things, the SEC alleges that Stifel and Noack defrauded the School Districts by knowingly or recklessly: appearing at school board meetings and recommending CDOs when they had not performed sufficient due diligence about the investment's risks; continuing to recommend the investments even after they knew the first transaction performed so poorly from the outset that they wanted RBC to repurchase the notes; and creating and marketing an unmanageably risky product, through the use of substantial borrowing and the CDOs' structure, to unsophisticated and risk-adverse investors.

Finally, the SEC also alleges that Stifel and Noack recommended an unsuitable product that did not meet the investment needs of the School Districts. The SEC alleges that the Stifel and Noack knew, or were reckless in not knowing, that the School Districts lacked the requisite sophistication, capacity, and expertise to independently evaluate the risks of the CDOs. The SEC alleges that they also knew that the School Districts looked to them for financial advice.