EXHIBIT

20

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| **UNITED STATES SECURITIES** | : | |
| **AND EXCHANGE COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 11-cv-755** |
| | : | |
| **STIFEL, NICOLAUS & CO., INC. and** | : | **Hon. Charles N. Clevert Jr.** |
| **DAVID W. NOACK,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>JOINT PROPOSED JURY INSTRUCTIONS</u>

# PRELIMINARY INSTRUCTIONS

**Joint Proposed Instruction No. 1**

### *Introductory Paragraph*

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations. One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.[1]

---

[1] Federal Civil Jury Instructions of the Seventh Circuit, Sample Preliminary Instructions at 338 (2015 rev.).

**Joint Proposed Instruction No. 2**

*Order of Trial*

The trial will proceed in the following manner:

First, Plaintiff's attorney may make an opening statement. Next, Defendants' attorneys may make opening statements. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendants will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, Plaintiff may be permitted to present rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.[2]

---

[2] Federal Civil Jury Instructions of the Seventh Circuit, Sample Preliminary Instructions at 338-39 (2015 rev.).

2

**Joint Proposed Instruction No. 3**

### *Burden of Proof – Definition of Preponderance of the Evidence*

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.[3]

---

[3] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

3

**Joint Proposed Instruction No. 4**

### *Functions of the Court and the Jury*

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. [Do not allow [sympathy/prejudice/fear/ public opinion] to influence you.] [You should not be influenced by any person's race, color, religion, national ancestry, or sex.]

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.[4]

---

[4] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

4

**Joint Proposed Instruction No. 5**

*Evidence*

The evidence consists of the testimony of the witnsses, [and] the exhibits admitted in evidence[, and stipulation[s]].

[A stipulation is an agreement between both sides that [certain facts are true] [that a person would have given certain testimony].]

[I have taken judicial notice of certain facts.  You must accept those facts as proved.][5]

---

[5] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

**Joint Proposed Instruction No. 6**

### *Testimony of Witnesses (Deciding What to Believe)*

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

[- the witness's age];

- and the reasonableness of the witness's testimony in light of all the evidence in the case.[6]

---

[6] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

Case 2:11-cv-00755-JPS   Filed 08/24/16   Page 8 of 30   Document 318-20

**Joint Proposed Instruction No. 7**

### *Direct and Circumstantial Evidence*

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reach your verdict, you should consider all the evidence in the case, including the circumstantial evidence.[7]

---

[7] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

7

**Joint Proposed Instruction No. 8**

### *Weighing the Evidence*

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.[8]

---

[8] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

**Joint Proposed Instruction No. 9**

### *What is Not Evidence*

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. [This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.]

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.[9]

---

[9] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

**Joint Proposed Instruction No. 10**

*Deposition Evidence*

During the trial, certain testimony will be presented to you by the reading of a depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.[10]

---

[10] Federal Civil Jury Instructions of the Seventh Circuit, § 1.05 Deposition Testimony (2015 rev.).

**Joint Proposed Instruction No. 11**

*Expert Witnesses*

You have heard [a witness] [witnesses] give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.[11]

---

[11] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

**Joint Proposed Instruction No. 12**

### *Consideration of All Evidence Regardless of Who Produced It*

In determining whether any fact has been proven, you should consider all of the evidence bearing on the question regardless of who introduced it.[12]

---

[12] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

12

**Joint Proposed Instruction No. 13**

### *Number of Witnesses*

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.[13]

---

[13] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

**Joint Proposed Instruction No. 14**

*Lawyer Interviewing Witness*

It is proper for a lawyer to meet with any witness in preparation for trial.[14]

---
[14] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

**Joint Proposed Instruction No. 15**

*Ruling on Objections*

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.[15]

---

[15] Federal Civil Jury Instructions of the Seventh Circuit, Sample Preliminary Instructions, at 342 (2015 rev.).

**Joint Proposed Instruction No. 16**

*Judge's Comments to Lawyer*

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.[16]

---

[16] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

16

**Joint Proposed Instruction No. 17**

### *Bench Conferences*

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.[17]

---

[17] Federal Civil Jury Instructions of the Seventh Circuit, Sample Preliminary Instructions, at 342 (2015 rev.).

**Joint Proposed Instruction No. 18**

*Note-Taking – Allowed*

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.[18]

---

[18] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

18

**Joint Proposed Instruction No. 19**

*Court's Questions to Witnesses*

During this trial, I may have asked a witness a question. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.[19]

---

[19] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

**Joint Proposed Instruction No. 20**

### *Conduct of the Jury*

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others discuss the case with you. If anyone tries to talk to you about the case please let me know about it immediately;

Second, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and must not make any investigation about the case on your own;

Fourth, if you need to communicate with me, you must give a signed note to the clerk to give to me; and

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.[20]

---

[20] Federal Civil Jury Instructions of the Seventh Circuit, Sample Preliminary Instructions, at 344 (2015 rev.).

**IN-TRIAL INSTRUCTIONS; CAUTIONARY INSTRUCTIONS**

**Joint Proposed Instruction No. 21**

### *Cautionary Instruction Before Recess*

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.[21]

---

[21] Federal Civil Jury Instructions of the Seventh Circuit, § 2.01 (2015 rev.).

**Joint Proposed Instruction No. 22**

### *In-Trial Instruction on News Coverage*

I understand that reports about this trial are appearing in the newspapers and on radio and television and the internet. The reporters may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read anything or listen to anything or watch anything with regard to this trial. It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide the case solely and exclusively on the evidence that will be received here in court.[22]

---

[22] Federal Civil Jury Instructions of the Seventh Circuit, § 2.02 (2015 rev.).

Case 2:11-cv-00755-JPS   Filed 08/24/16   Page 24 of 30   Document 318-20

**Joint Proposed Instruction No. 23**

### *Deposition as Substantive Evidence*

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [**witness**], which was taken on [**date**], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.[23]

---

[23] Federal Civil Jury Instructions of the Seventh Circuit, § 2.08 (2015 rev.).

## PRE-DELIBERATION INSTRUCTIONS

**Joint Proposed Instruction No. 24**

### *Functions of the Court and the Jury*

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. [Do not allow [sympathy/prejudice /fear/public opinion] to influence you.] [You should not be influenced by any person's race, color, religion, national ancestry, or sex.]

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.[24]

---

[24] Hon. Charles N. Clevert, Jr., Civil Jury Instructions.

**Joint Proposed Instruction No. 25**

### *Limited Purpose of Evidence*

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.[25]

---

[25] Federal Civil Jury Instructions of the Seventh Circuit, § 1.09 (2015 rev.).

**Joint Proposed Instruction No. 26**

***Prior Inconsistent Statements***

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.[26]

---

[26] Federal Civil Jury Instructions of the Seventh Circuit, § 1.14 (2015 rev.).

Case 2:11-cv-00755-JPS   Filed 08/24/16   Page 28 of 30   Document 318-20

**Joint Proposed Instruction No. 27**

### *Absence of Evidence*

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.[27]

---

[27] Federal Civil Jury Instructions of the Seventh Circuit, § 1.18 (2015 rev.).

**Joint Proposed Instruction No. 28**

*Demonstrative Exhibits*

Certain charts, graphs, timelines and PowerPoint slides have been shown to you. Those visual aids are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.[28]

---

[28] Federal Civil Jury Instructions of the Seventh Circuit, § 1.24 (2015 rev.) (modified as contemplated by the pattern instructions).

28