# EXHIBIT

# A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| _____ | ) |  |
| **UNITED STATES SECURITIES** | ) |  |
| **AND EXCHANGE COMMISSION,** | ) |  |
|  | ) |  |
| **Plaintiff,** | ) | **Case No. 10-cv-01614** |
|  | ) |  |
| **v.** | ) | **Hon. Robert M. Dow, Jr.** |
|  | ) |  |
| **MORANDO BERRETTINI and** | ) |  |
| **RALPH J. PIRTLE,** | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |
| _____ | ) |  |

**<u>INSTRUCTIONS TO THE JURY</u>**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to. A stipulation is an agreement between both sides that certain facts are true.

2

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

3

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

4

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

6

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

7

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

9

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses. Similarly, you need not decide for the party that introduced the larger number of documents.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard testimony of some witnesses through live testimony. You have heard the testimony of another witness, Edo Pfennings (a Philips employee from Amsterdam), through the reading of deposition transcripts. The law permits a party to present evidence through the reading of deposition transcripts when a witness is unavailable to attend trial.

You should judge all such testimony in the same way that you would judge any other testimony, regardless of the fact that one witness testified without attending in person.

12

Certain charts, graphs, timelines and PowerPoint slides have been shown to you. Those visual aids are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

13

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, then the other is also liable.

The SEC has the burden of proving each essential element of its claims against each Defendant by a preponderance of the evidence.

This is a civil case, not a criminal case.

Those of you who are familiar with criminal cases will have heard of "proof beyond a reasonable doubt." The standard of proof in a criminal case, however, is a stricter standard, requiring more than a preponderance of the evidence. The reasonable doubt standard does not apply to a civil case and you should put that standard out of your mind.

15

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

The SEC has brought six claims in this case. The first three claims are against defendants Pirtle and Berrettini. The second three claims are against defendant Berrettini only.

The SEC's first three claims are that defendants Pirtle and Berrettini engaged in what is sometimes called "insider trading" in connection with Berrettini's purchases of stock of Lifeline, Invacare, and Intermagnetics. The SEC alleges that defendant Pirtle "tipped" defendant Berrettini with material non-public information in breach of a duty, and that defendant Berrettini traded on that information. Claim 1 involves trading in the stock of Lifeline. Claim 2 involves trading in the stock of Invacare. Claim 3 involves trading in the stock of Intermagnetics. Defendants Pirtle and Berrettini deny the SEC's claims. You must consider each Defendant and each claim separately.

To prevail on Claims 1 - 3 against defendant Pirtle, the SEC must prove that: (1) defendant Pirtle provided material non-public information to defendant Berrettini; (2) defendant Pirtle knew or was reckless in not knowing that defendant Berrettini would buy or sell securities on the basis of that information; (3) defendant Pirtle violated a fiduciary duty or other duty of confidentiality by providing material non-public information to defendant Berrettini; and (4) defendant Pirtle received a personal benefit, such as a benefit from Berrettini in exchange for his disclosure or the benefit of making a gift of confidential information to a trading friend or relative.

To prevail on Claims 1 - 3 against defendant Berrettini, the SEC must prove that: (1) defendant Berrettini bought or sold securities knowingly or recklessly on the basis of material non-public information provided to him by defendant Pirtle; (2) defendant Berrettini either knew or should have known that he received this information as a result of a violation of fiduciary duty or other duty of confidentiality; and (3) defendant Pirtle received a personal benefit, such as a

benefit from Berrettini in exchange for his disclosure or the benefit of making a gift of confidential information to a trading friend or relative.

18

The SEC's next three claims are that defendant Berrettini engaged in insider trading in connection with his purchases of stock of Lifeline, Invacare, and Intermagnetics. Specifically, the SEC claims that defendant Berrettini engaged in insider trading, even if he performed market research at the request of defendant Pirtle relating to the real estate markets in portions of Boston, Cleveland, and Albany, New York. Claim 4 involves trading in the stock of Lifeline. Claim 5 involves trading in the stock of Invacare. Claim 6 involves trading in the stock of Intermagnetics. Defendant Berrettini denies the SEC's claims.

To prevail on Claims 4 - 6 against defendant Berrettini, the SEC must prove that he: (1) obtained material (2) non-public information intended to be used solely for a proper purpose, and then (3) misappropriated or otherwise misused that information (4) knowingly or recklessly, (5) in breach of a fiduciary duty, or other duty arising out of a relationship of trust and confidence, to make secret profits (6) in connection with the purchase or sale of a security.

I will now define certain terms for you.

A "security" is an investment in a business enterprise in which the investor does not participate directly. Some common types of securities include stocks, bonds and stock options. The stocks of Lifeline, Invacare, and Intermagnetics described in this case are securities.

The term "fiduciary duty" describes the duty which a person owes to another person, group or company, as part of a special relationship of trust and confidence, to act in the best interests of the other instead of his own.  Such a duty can arise when a person agrees to keep information confidential.  In addition, an employee is required by law to protect the confidential information of his employer both during and after his employment.  Similarly, an agent of a company is required by law to protect the confidential information of the company.

22

A duty of trust or confidence exists in the following circumstances, among others. First, a duty of trust or confidence exists whenever a person agrees to maintain information in confidence. Second, a duty of trust or confidence exists whenever the person communicating the material non-public information and the person to whom it is communicated have a history, pattern, or practice of sharing confidences, such that the recipient of the information knows or reasonably should know that the person communicating the material non-public information expects that the recipient will maintain its confidentiality.

23

The parties have a dispute about whether defendant Berrettini provided market research to Philips at the request of defendant Pirtle relating to the real estate markets in portions of Boston, Cleveland, and Albany, New York. That is an issue of fact for you to decide.

If you find that Berrettini performed such research for Philips at the request of Pirtle, then Berrettini owed a duty of confidentiality to Philips as an agent of the company.

24

Information is "material" if there is a substantial likelihood that a reasonable investor would consider the information significant in deciding whether to buy, sell or hold a security.

When an event such as a potential corporate merger or acquisition is uncertain, the materiality of information regarding that event depends upon a balancing of both the probability that the event will occur and the potential significance of the event.

25

Information is "public" if it has been disclosed to a broad segment of the investing public without favoring any special person or group.

Information is "non-public" if it is not available to the public through such sources as press releases, SEC filings, trade publications, analyst reports, newspapers, magazines or other sources.  Non-public information is more specific and more private than general rumors.  An insider can have non-public information about a specific transaction even without knowing all of the details.

In order to find the Defendants liable, the SEC must show that the Defendants acted "knowingly" or with "reckless disregard."

"Knowingly" means to act intentionally and deliberately, rather than mistakenly or inadvertently. "Reckless disregard" means conduct which is highly unreasonable and involves an extreme departure from the standard of ordinary care.

27

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

28

An insider does not need to possess knowledge of the ultimate fact, such as whether a corporate merger or acquisition actually will take place.  A defendant may be held liable for insider trading when he obtains and acts on pieces of information which, pieced together, constitute material non-public information.

29

The SEC is not required to prove that defendant Pirtle bought or sold any securities. An insider who provides material non-public information to another person may be found liable for insider trading as a tipper, even if the insider himself did not buy or sell any securities. Trades by a tippee are attributed to the tipper.

30

The concept of a personal benefit to a tipper is a broad one and includes, among other things, a benefit in exchange for the disclosure or the gift of confidential information to a friend. The SEC is not required to prove that defendant Pirtle received a direct financial benefit from tipping defendant Berrettini.

In deciding this case, you are to determine only whether each of the Defendants is liable for violating the laws against insider trading. This is not the kind of case in which the jury decides what legal relief the Plaintiff would be entitled to receive. That will be my responsibility if you find one or both of the Defendants liable. Accordingly, in considering whether each of the Defendants is or is not liable, you should not consider the amount of damages, civil penalties or other relief I might award to the Plaintiff.

32

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

33

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 4–3, or 5–2, or whatever your vote happens to be.

34

The verdicts must represent the considered judgment of each juror.  Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

_____ )
)
**UNITED STATES SECURITIES** )
**AND EXCHANGE COMMISSION,** )
)
          **Plaintiff,** )  **Case No. 10-cv-01614**
)
      **v.** )  **Hon. Robert M. Dow, Jr.**
)
**MORANDO BERRETTINI and** )
**RALPH J. PIRTLE,** )
)
         **Defendants.** )
_____ )

**<u>VERDICT FORMS</u>**

36

## DEFENDANT RALPH J. PIRTLE – Counts I, II, III

We, the jury, unanimously find as follows on the insider trading claims of

Plaintiff U.S. Securities and Exchange Commission against Defendant Ralph J. Pirtle:

**(Indicate the finding by marking "X" on the appropriate line below.)**

Insider Trading Claims Against
<u>Defendant Ralph J. Pirtle</u>                                    <u>For Plaintiff</u>              <u>For Defendant</u>

In connection with the purchase and sale of Lifeline
securities                                                                   _____                        _____

In connection with the purchase and sale of Invacare
securities                                                                   _____                        _____

In connection with the purchase and sale of
Intermagnetics securities                                          _____                        _____

37

**DEFENDANT MORANDO BERRETTINI – Counts I, II, III**

We, the jury, unanimously find as follows on the insider trading claims of

Plaintiff U.S. Securities and Exchange Commission against Defendant Morando Berrettini:

**(Indicate the finding by marking "X" on the appropriate line below.)**

| Insider Trading Claims Against Defendant Morando Berrettini | For Plaintiff | For Defendant |
|---|---|---|
| In connection with the purchase and sale of Lifeline securities | _____ | _____ |
| In connection with the purchase and sale of Invacare securities | _____ | _____ |
| In connection with the purchase and sale of Intermagnetics securities | _____ | _____ |

**NOTE:**

**If you find for Plaintiff on one or more claim(s) involving Lifeline, Invacare, or Intermagnetics, then you do not need to render a verdict on claims involving those entities in Counts IV, V, and VI, as discussed on the next page.**

**If you find for Defendant Berrettini on one or more claim(s) involving Lifeline, Invacare, or Intermagnetics, then you do need to render a verdict on claims involving those entities in Counts IV, V, and VI, as discussed on the next page.**

38

**DEFENDANT MORANDO BERRETTINI – Counts IV, V, VI**

We, the jury, unanimously find as follows on the insider trading claims of

Plaintiff U.S. Securities and Exchange Commission against Defendant Morando Berrettini:

**(Indicate the finding by marking "X" on the appropriate line below.)**

| Insider Trading Claims Against Defendant Morando Berrettini | For Plaintiff | For Defendant |
|---|---|---|
| Misappropriation, for his own benefit, of material non-public information in connection with the purchase and sale of Lifeline securities | _____ | _____ |
| Misappropriation, for his own benefit, of material non-public information in connection with the purchase and sale of Invacare securities | _____ | _____ |
| Misappropriation, for his own benefit, of material non-public information in connection with the purchase and sale of Intermagnetics securities | _____ | _____ |

39

Please sign and date this form below:

                <u>Signature</u>                                                <u>Date</u>

1.) _____              _____
                    Foreperson

2.) _____              _____

3.) _____              _____

4.) _____              _____

5.) _____              _____

6.) _____              _____

7.) _____              _____