EXHIBIT

22

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:11-cv-755 |
| | : | |
| STIFEL, NICOLAUS & CO., INC. and DAVID W. NOACK, | : | |
| | : | |
| | : | |
| Defendants. | : | |

_____:

## **<u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS</u>**

Defendants Stifel, Nicolaus & Company Incorporated and David W. Noack (collectively "Defendants") respectfully submit the following proposed jury instructions for the Court's consideration.

**Defendants' Proposed Instruction Preliminary Instruction Before Trial:**

Members of the Jury:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts may not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, do not be concerned because you will get to see and study it later during your deliberations.

If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually. If you do decide to take notes, do not try to write everything down because you will get so involved in note taking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places--things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendants will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by

both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

---

Authority

ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES), p.xvii-xxii (2005).

**Defendants' Proposed Instruction No. 1**

## 1.03 ALL LITIGANTS EQUAL BEFORE THE LAW

In this case one of the parties is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

---

<u>Authority</u>

FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 1.03 (2015).

5

**Defendants' Proposed Instruction No. 2**

## DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits have been shown to you, such as, for example, pictures, diagrams, and charts, which took the form, in certain instances, of boards placed on easels and slides projected on the screen. Those are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

---

<u>Authority</u>

*SEC v. Koenig*, No. 02 C 2180, Dkt. No. 428 (N.D. Ill. June 28, 2006) (Jury Instruction 18).

**Defendants' Proposed Instruction No. 3**

## CREDIBILITY OF WITNESSES

You are the judges of the credibility – that is, the believability – of the witnesses. Especially where the testimony of witnesses conflicts, you must determine whom you will believe and whom you will not believe and what is the truth.

In determining the credibility of the witnesses, you may consider many factors, including their interest or lack of interest in the result of this lawsuit; their manner and bearing on the witness stand; their means or lack of means of knowing the facts about which they have testified; how far, if at all, they are either supported or contradicted by other evidence; their power of memory or the lack of memory; and inconsistent or consistent statements made by them, if any. From considering all the evidence, you will give to each witness the credit to which he or she is entitled.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. Also, honestly mistaken memories, like failures of memory, are not uncommon. In weighing the effect of any discrepancy, always consider whether it involves an important fact or an unimportant detail, and whether the discrepancy results from an innocent mistake or a deliberate falsehood.

In weighing the evidence and deciding the preponderance of the evidence, keep in mind that the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence. You may find that the testimony of a few witnesses or just one witness about a particular fact or issue is more credible than the testimony of a larger number of witnesses who testified differently. Your job is to consider the testimony of each witness, and to decide which witnesses and which evidence seem to you to be most accurate and trustworthy.

---

<u>Authority</u>

*SEC v. Grubbs*, No. 1:02-cv-1118-DFH/VSS, (S.D. Ind.) (Dkt. No. 369/ July 15, 2004—Court's Final Instructions No. 7).

7

**Defendants' Proposed Instruction No. 4**

## IMPEACHMENT OF A WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by, among other things, a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something that is inconsistent with the witness's testimony.

If you believe that any witness has been impeached, then you must determine whether to believe the witness's testimony in whole, in part, or not at all, and how much weight to give to that testimony.

---

Authority

*SEC v. Koenig*, No. 02 C 2180, Dkt. No. 428 (N.D. Ill. June 28, 2006) (Jury Instruction 15).

**Defendants' Proposed Instruction No. 5**

## SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy for or against any party. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

---

<u>Authority</u>

4 L. SAND, ET AL., *Modern Federal Jury Instructions* 71.01, Inst. 71-10 (2002).

**Defendants' Proposed Instruction No. 6**

**SUMMARIES**

*Stipulated*

The parties agree that *[describe summary in evidence]* accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

*Not Stipulated*

Certain *[describe summary in evidence]* is/are in evidence. [The original materials used to prepare those summaries also are in evidence.] It is up to you to decide if the summaries are accurate.

---

<u>Authority</u>

FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 1.23 (2015).

—OR—

**SUMMARIES OF EVIDENCE**

The Defendants have presented exhibits in the form of summaries. I decided to admit these summaries of voluminous writings, recording or photographs in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these summaries as you would any other evidence.

---

<u>Authority</u>

FED. R. EVID. 1006.

10

**Defendants' Proposed Instruction No. 7**

## DEPOSITIONS

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

---

<u>Authority</u>

4 L. SAND, ET AL., *Modern Federal Jury Instructions* 74.07, Inst. 74-14 (2002).

11

**Defendants' Proposed Instruction No. 8**

## SELECTION OF FOREPERSON; FORMS OF VERDICT

Upon retiring to the jury room, you must select a foreperson. The foreperson will preside over your deliberations and will be your representative here in Court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and all of you will sign it.

---

<u>Authority</u>

*SEC v. Koenig*, No. 02 C 2180, Dkt. No. 428 (N.D. Ill. June 28, 2006) (Jury Instructions 37).

12

**Defendants' Proposed Instruction No. 9**

## COMMUNICATION WITH THE COURT

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

---

<u>Authority</u>

*SEC v. Koenig*, No. 02 C 2180, Dkt. No. 428 (N.D. Ill. June 28, 2006) (Jury Instructions 38).

**Defendants' Proposed Instruction No. 10**

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror.  Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair consideration to all the evidence and deliberate with the goal of reaching a verdict which is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

---

Authority

*SEC v. Koenig*, No. 02 C 2180, Dkt. No. 428 (N.D. Ill. June 28, 2006) (Jury Instructions 39).

14

**Defendants' Proposed Instruction No. 11**

AGENCY

An entity is liable for the conduct of employees acting within the scope of their employment. The scope of employment includes acts closely connected with, and fairly and reasonable incidental to, the tasks the employee is employed to perform.

You are instructed that statements or omissions made by David Noack can only be attributed to Stifel if that statement or omission was made by David Noack while he was acting within the scope of his employment. If you find that David Noack made a statement or omission outside the scope of his employment with Stifel, you cannot attribute that statement or omission to Stifel.

---

<u>Authority</u>

*See*, *e.g.*, *SEC v. Morgan Keegan & Co.,* 678 F.3d 1233,1249 (11th Cir. 2012) ("Under principles of *respondeat superior*, Morgan Keegan is liable for the acts of these brokers so long as they acted within the scope of their authority.") (citing *Paul F. Newton & Co. v. Texas Commerce Bank*, 630 F.2d 1111, 1118 (5th Cir. 1980).

*Hibma v. Odegaard*, 769 F.2d 1147, 1152 (7th Cir. 1985).

15

# DEFINITIONS TO BE APPLIED IN CONSIDERING THE INSTRUCTIONS THAT FOLLOW

**Defendants' Proposed Instruction No. 12**

## DEFINITION: "Device, scheme, or artifice to defraud"

I will now define some terms for you to use in applying Instructions _____.

With respect to the phrase "**device, scheme, or artifice to defraud**," you are instructed that a "scheme" is a design or plan formed to accomplish some purpose. A "device" when used in an unfavorable sense, is a "trick" or "fraud." Put another way, the phrase "device, scheme, or artifice to defraud" would refer to any plan or course of action that involves: (1) false or fraudulent pretenses, (2) untrue statements of material facts, (3) omissions of material facts, or (4) representations, promises, and patterns of conduct calculated to deceive.

Any device, scheme, or artifice to defraud, untrue statement or omission, or act, practice, or course of business which operated as a fraud or deceit must be material. I will explain what I mean by "material" in Instruction 17.

---

### Authority

11th Cir. Civil Pattern Jury Instr. § 6.1 (2013).

17

**Defendants' Proposed Instruction No. 13**

## DEFINITION: "Untrue statement"

The term "**untrue statement**" is defined as a statement that is false when it is made, and you are further instructed that any alleged untrue statement or misrepresentation must also be a *material*, as I will define in Instruction 17. Even if subsequent events prove a statement to be false, that does not mean that the statement was false *when made*. You may not find a statement to be false merely because subsequent events prove the statement to have been false. To satisfy this definition the defendant must have actually made the allegedly false statement. Merely taking part in the decision to make a statement or even being intricately involved in making the statement is not sufficient. Nor is it sufficient that the defendant approved the making of a false or misleading statement by another, even if the defendant had knowledge that the statement was false or misleading. Instead, the SEC must prove by a preponderance of the evidence that the defendant had ultimate authority over the statement, including its content and whether and how to communicate it.

---

### Authority

11th Cir. Civil Pattern Jury Instr. § 6.2 (2013).

*SEC v. ICP Asset Mgmt., LLC*, 10 Civ. 4791, Dkt. No. 142 (S.D.N.Y. Jan. 27, 2012) (defendant's proposed jury instruction III.B.1.) (citing 3 O'Malley, et al., *Federal Jury Practice and Instructions* § 162.235 (5th ed. 2001).

**Defendants' Proposed Instruction No. 14**

### DEFINITION: "Omission"

An "**omission**" is the failure to state facts that would be necessary to make the statements made by a defendant not misleading at the time the omission occurred, and you are further instructed that any alleged omission must also be a *material*, as I will define in Instruction 17. An omission violates the law only if the defendant had a duty to disclose the omitted fact. A defendant does not have a duty to disclose every fact they possess or any fact that is in the public domain. But each defendant has a duty to disclose a fact if a prior or contemporaneous statement made by the defendant about the same subject would be misleading if the fact is not disclosed.

---

Authority

11th Cir. Civil Pattern Jury Instr. § 6.2 (2013); *SEC v. Koenig*, No. 02 C 2180, Dkt. No. 428 (N.D. Ill. June 28, 2006) (Jury Instructions 21 and 26); *Jaffe v. Household Int'l, Inc.*, No. 02 C 5893, Dkt. No. 1614 (N.D. Ill. May 7, 2009) (Page 26).

**Defendants' Proposed Instruction No. 15**

## DEFINITION: "Fraud or deceit"

With respect to the phrase "act, practice, or course of business, that operated or would operate as a fraud or deceit on any person," you are instructed that "**fraud or deceit**" means a lie or a trick. A fraud or deceit doesn't have to relate to an investment's quality or actually result in the offer of a security or the purchase or sale of any security. It's not necessary that the defendant that was allegedly involved in the fraud or deceit sold or purchased securities personally if the fraudulent or deceitful conduct defrauded someone else.

---

<u>Authority</u>

11th Cir. Civil Pattern Jury Instr. § 6.1 (2013).

**Defendants' Proposed Instruction No. 16**

**DEFINITION: "Instrumentality of interstate commerce"**

The term "**instrumentality of interstate commerce**," as used in these Instructions means the use of the mails, telephone, Internet, or some other form of electronic communication, or an interstate delivery system such as Federal Express or UPS, or a facility of a national securities exchange such as the New York Stock Exchange or NASDAQ. It's not necessary that the facility of a national securities exchange was the means by which the defendant used a device, scheme, or artifice to defraud someone. It's only necessary that the facility was used in some phase of the transaction.

---

Authority

11th Cir. Civil Pattern Jury Instr. § 6.2 (2013); *SEC v. Koenig*, No. 02 C 2180, Dkt. No. 428 (N.D. Ill. June 28, 2006) (Jury Instruction 26); *Jaffe v. Household Int'l, Inc.*, No. 02 C 5893, Dkt. No. 1614 (N.D. Ill. May 7, 2009) (Page 26);

*SEC v. ICP Asset Mgmt., LLC*, 10 Civ. 4791, Dkt. No. 142 (S.D.N.Y. Jan. 27, 2012) (defendant's proposed jury instruction III.B.1, which in turn cites 3 O'Malley, et al., *Federal Jury Practice and Instructions* § 162.235 (5th ed. 2001); *Janus Capital Grp. v. First Derivative Traders*, 131 S. Ct. 2296, 2302 (2011); *Wright v. Ernst & Young LLP*, 152 F.3d 169, 175 (2d Cir. 1998) ("[A] defendant must actually make a false or misleading statement in order to be held [primarily] liable under Section 10(b). Anything short of such conduct is merely aiding and abetting . . . ."); *Kennecott Copper Corp. v. Curtiss-Wright Corp.*, 584 F.2d 1195, 1200 (2d Cir. 1978) ("There is no requirement that a material fact be expressed in certain words or in a certain form of language.") (quotation marks omitted); *SEC v. Kelly*, No. 08 Civ. 4612 (CM), __ F. Supp. 2d __, 2011 WL 4431161, at *3-4 (S.D.N.Y. Sept. 22, 2011); *SRM Global Fund L.P. v. Countrywide Fin. Corp.*, No. 09 Civ. 5064 (RMB), 2010 WL 2473595 (S.D.N.Y. June 17, 2010); *SEC v. May,* 648 F. Supp. 2d 70, 77-78 (D.D.C. 2009); *SEC v. KPMG LLP,* 412 F. Supp. 2d 349, 374-75 (S.D.N.Y. 2006); *SEC v. Pimco Advisors Fund Mgmt. LLC*, 341 F. Supp. 2d 454, 466 (S.D.N.Y. 2004) ("[A] defendant must actually make a false or misleading statement in order to be held [primarily] liable . . . .") (second alteration in original) (quotation marks omitted); *Klamberg v. Roth*, 473 F. Supp. 544, 551-52 (S.D.N.Y. 1979)).

**Defendants' Proposed Instruction No. 17**

## <u>DEFINITION: "MATERIAL"</u>

A statement or omission of fact is "**material,**" as used in Instruction ____, if there is a substantial likelihood that a reasonable investor under the circumstances would consider it important in making an investment decision and would view it as having significantly altered the total mix of available information.

Whether a fact stated or omitted is material is determined in light of the circumstances existing at the time the statement or omission occurred.

Any device, scheme, or artifice to defraud; untrue statement or omission; or act, practice, or course of business which operated as a fraud or deceit, as those phrases are used in these instructions, must be material.

---

<u>Authority</u>

*SEC v. Koenig*, Instruction 23 (modified); *SEC v. Merch. Capital, LLC*, 483 F.3d 747, 766 (11th Cir. 2007)(explicitly requiring a showing of materiality in 10(b) and 17(a)(1) cases alleging scheme liability).

Case 2:11-cv-00755-JPS   Filed 08/24/16   Page 23 of 65   Document 318-30

**Defendants' Proposed Instruction No. 18**

## DEFINITION: STATE OF MIND

"**Intent to defraud**" in the context of the securities laws means to act intentionally and deliberately with an intent to deceive. A defendant does not act intentionally and deliberately with an intent to deceive if the defendant acted inadvertently, carelessly, or by mistake.

"**Reckless disregard for the truth**" means an extreme departure from the standards of ordinary care, which presents a danger of misleading buyers or sellers. The danger of misleading buyers or sellers must either be known to the defendant or be so obvious that the defendant must have been aware of it. Reckless disregard for the truth is quite different from negligence. Where a defendant unwittingly passes along information that is false, the defendant does not act with reckless disregard for the truth. This is true even if the defendant should have known that the information was false.

---

Authority

*SEC v. Koenig*, Instruction 24; *Sanders v. John Nuveen & Co.*, 554 F.2d 790, 793 (7th Cir. 1977); accord *City of Livonia Emps.' Ret. Sys. & Local 295/Local 851 v. Boeing Co.*, 711 F.3d 754, 756 (7th Cir. 2013).

*Ernst & Ernst*, 425 U.S. at 199. Recklessness must be "so severe that it is the functional equivalent of intent." *Searls v. Glasser*, 64 F.3d 1061, 1066 (7th Cir. 1995); *see also South Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 109 (2d Cir. 2009) ("By reckless disregard for the truth, we mean 'conscious recklessness—i.e., a state of mind approximating actual intent, and not merely a heightened form of negligence.'") (citation omitted); *SEC v. Steadman*, 967 F.2d 636, 641 (D.C. Cir. 1992) (explaining that "[t]he kind of recklessness required … is not merely a heightened form of ordinary negligence").

*SEC v. Shanahan*, 646 F.3d 536, 544 (8th Cir. 2011) ("It is insufficient to show that a defendant should have known that a material statement or omission was false or misleading."); *Sanders v. John Nuveen & Co.*, 554 F.2d 790, 793 (7th Cir. 1977) (recklessness requires proof that (1) Defendants subjectively "knew" of the danger associated with the representations; or, alternatively, (2) that the risk was "so obvious" that Defendants "must have" (not "should have") known about the risk).

**Defendants' Proposed Instruction No. 19**

## WRITTEN TRUMPS ORAL

You are instructed that when an oral statement contradicts an understandable, written disclosure, that oral statement cannot be *material*.

---

Authority

*Acme Propane, Inc. v. Tenexco, Inc.,* 844 F.2d 1317, 1322 (7th Cir. 1988) ("[I]n the law of securities a written disclosure trumps an inconsistent oral statement."); *SEC v. Jakubowski,* 150 F.3d 675, 681 (7th Cir. 1998) ("Over and again we say that people claiming to be *victims* of securities fraud may not claim to rely on oral statements inconsistent with written documents (even tedious prospectuses) available to them."); *Carr v. CIGNA Sec., Inc.,* 95 F.3d 544, 547 (7th Cir. 1996).

Case 2:11-cv-00755-JPS    Filed 08/24/16    Page 25 of 65    Document 318-30

## SECTION 10b CLAIMS

**Defendants' Proposed Instruction No. 20**

## GOOD FAITH

As I will instruct you in more detail in a minute, in order for the SEC must prove a claim under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, the SEC must prove beyond a preponderance of the evidence that the defendant acted with *intent to defraud* or a *reckless disregard for the truth*. The SEC cannot establish an intent to defraud or a reckless disregard for the truth if the defendant acted in ***Good Faith***. One who expresses an opinion honestly or states a fact honestly believed to be true does not act with intent to defraud or a reckless disregard for the truth. This is true regardless of how inaccurate the statements may turn out to be. If the defendant believed in good faith that the defendant was acting properly, even if the defendant was mistaken in that belief, and even if others were injured by the conduct, there is no violation of the securities laws.

You are to consider a defendant's good faith subjectively, from the perspective of the individual defendant. It is possible for a defendant to disregard a danger that would be obvious to the ordinary or reasonable person and still act in good faith or reckless disregard for the truth. In such instances, the defendant's subjective good faith precludes a finding of any violation of the securities laws.

It is the SEC's burden to prove intent to defraud by a preponderance of the evidence. It is not defendant's burden to disprove intent to defraud or reckless disregard for the truth.

---

Authority

*SEC v. ICP Asset Mgmt., LLC*, 10 Civ. 4791, Dkt. No. 142 (S.D.N.Y. Jan. 27, 2012) (defendant's proposed jury instruction III.B.8, which in turn cites: Sand, *Modern Federal Jury Instructions (Civil)* § 82-8 (2011) ("Since an essential element of plaintiff's case is intent to defraud or recklessness, it follows that good faith on the part of the defendant is a complete defense to a charge of securities fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the plaintiff to prove fraudulent intent and a consequent lack of good faith by a preponderance of the evidence."); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 206 (1976); *Howard v. SEC*, 376 F.3d 1136, 1146-49 (D.C. Cir. 2004); *United States v. Sayakhom*, 186 F.3d 928, 940 (9th Cir. 1999)).

**Defendants' Proposed Instruction No. 21**

## MULTI-CLAIM SUBMISSIONS - DESIGNATION OF APPLICABLE INSTRUCTIONS

Instructions ___ through ___ and general instructions 1 through ___ apply to the claim of the Securities and Exchange Commission's alleging a violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder against Defendant Stifel Nicolaus & Company, Incorporated. Use Verdict Form _A_ to return your verdict on this claim.

**Defendants' Proposed Instruction No. 22**

## EXCHANGE ACT SECTION 10(b) and RULE 10b-5

Your verdict must be for the Securities and Exchange Commission and against Defendant Stifel, Nicolaus & Company, Incorporated on the claim for violation of section 10(b) of the Exchange Act and Rule 10b-5 thereunder if you find that the SEC proved each of the following elements by a preponderance of the evidence:

FIRST ELEMENT:        that Stifel did any one or more of the following:

        (i) employed a device, scheme, or artifice to defraud; or

        (ii) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading; or

        (iii) engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person;

**and**

SECOND ELEMENT:        that Stifel acted with intent to defraud or with reckless disregard for the truth;

**and**

THIRD ELEMENT:        that Stifel's conduct was in connection with the purchase or sale of a security;

**and**

FOURTH ELEMENT:        that Stifel used or caused to be used the mails or means and instrumentalities of interstate commerce.

If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that Stifel acted in "Good Faith," as that phrase is defined in Instruction 20, then you must find Stifel not liable under Section 10(b) and Rule 10b-5.

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

---

Authority

*SEC v. Koenig*, No. 02 C 2180, Dkt. No. 428 (N.D. Ill. June 28, 2006) (Jury Instruction 21)(modified).

28

**Defendants' Proposed Instruction No. 23**

## EXCHANGE ACT SECTION 10(b) and RULE 10b-5

Your verdict must be for Stifel, Nicolaus & Company, Incorporated and against Plaintiff Securities and Exchange Commission and against on the claim for violation of section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 thereunder if you find that:

Stifel did not engage in any of the following:

> (i) employed a device, scheme, or artifice to defraud; or

> (ii) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading; or

> (iii) engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person.

### or if you find that:

Stifel neither acted with an intent to defraud nor with reckless disregard for the truth;

### or if you find that:

Stifel's conduct was not in connection with the purchase or sale of a security;

### or if you find that:

Stifel did not use or cause to be used the mails or means and instrumentalities of interstate commerce in connection with its alleged actions;

### or you find that:

Stifel acted in in "Good Faith," as that phrase is defined in Instruction 20.

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

---

### Authority

*SEC v. Koenig*, No. 02 C 2180, Dkt. No. 428 (N.D. Ill. June 28, 2006) (Jury Instruction 21)(modified).

**Defendants' Proposed Instruction No. 24**

**MULTI-CLAIM SUBMISSIONS - DESIGNATION OF APPLICABLE INSTRUCTIONS**

Instructions ___ through ___ and general instructions 1 through ___ apply to the claim of the Securities and Exchange Commission's alleging a violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder against Defendant David Noack. Use Verdict Form _B_ to return your verdict on this claim.

**Defendants' Proposed Instruction No. 25**

## EXCHANGE ACT SECTION 10(b) and RULE 10b-5

Your verdict must be for the Securities and Exchange Commission and against Defendant David W. Noack on the claim for violation of section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 thereunder if you find that the SEC proved each of the following elements by a preponderance of the evidence:

FIRST ELEMENT:     that David Noack did any one or more of the following:

(i) employed a device, scheme, or artifice to defraud; or

(ii) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading; or

(iii) engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person;

**and**

SECOND ELEMENT:     that David Noack acted with intent to defraud or with reckless disregard for the truth;

**and**

THIRD ELEMENT:     that David Noack's conduct was in connection with the purchase or sale of a security;

**and**

FOURTH ELEMENT:     that David Noack used or caused to be used the mails or means and instrumentalities of interstate commerce.

If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or if you find that David Noack acted in "Good Faith," as that phrase is defined in Instruction 20, then you must find David Noack not liable under Section 10(b) and Rule 10b-5.

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

---

### Authority

*SEC v. Koenig*, No. 02 C 2180, Dkt. No. 428 (N.D. Ill. June 28, 2006) (Jury Instruction 21)(modified).

31

**Defendants' Proposed Instruction No. 26**

## EXCHANGE ACT SECTION 10(b) and RULE 10b-5

Your verdict must be for David W. Noack and against Plaintiff Securities and Exchange Commission and against on the claim for violation of section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 thereunder if you find by a preponderance of the evidence that:

David Noack did not engage in any of the following:

> (i) employed a device, scheme, or artifice to defraud; or

> (ii) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading; or

> (iii) engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person.

### or if you find that:

David Noack neither acted with an intent to defraud nor with reckless disregard for the truth;

### or if you find that:

David Noack's conduct was not in connection with the purchase or sale of a security;

### or if you find that:

David Noack did not use or cause to be used the mails or means and instrumentalities of interstate commerce in connection with its alleged actions;

### or you find that:

David Noack acted in "Good Faith," as that phrase is defined in Instruction 20.

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

**SECTION 17(a) CLAIMS**

33

**Defendants' Proposed Instruction No. 27**

### DEFINITION: "In the offer or sale of a security"

In considering the claims brought by the Securities and Exchange Commission under Section 17(a) of the Securities Act of 1933, you are instructed that Section 17(a) requires a showing that the any alleged untrue statement or omission was "*in* the offer or sale" of a security. This is different and narrower than the standard set forth above in connection with claims brought under Section 10b of the Exchange Act and Rule 10b-5, where the standard is "*in connection with* the offer or sale of a security."

The "offer" of a security under Section 17 is any attempt or offer to dispose of, or solicitation of any offer to buy, a security or interest in a security. To be an "offer" of a security, there must be an investment product that could actually be presented to an investor for consideration.

A "sale" of a security under Section 17 is any contract for sale or disposition of a security a security.

To be "*in*" the offer or sale of a security, there must be a connection between the alleged untrue statements or omissions and the sale of the security at issue.

---

### Authority

*Compare* 15 U.S.C. § 77q(a) and 15 U.S.C. § 78j(b) ("in the offer or sale" of a security versus "in connection with an offer or sale of a security").

"In connection with" connotes a different and broader span of activity than "in." "[W]here Congress includes particular language in one section of a statute but omits it in another ..., it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993); *accord Merck & Co. v. Reynolds*, 559 U.S. 633, 656 (Scalia, J., concurring).

*See, e.g., SEC v. Koenig*, No. 02 C 2180, Dkt. No. 428 (N.D. Ill. June 28, 2006) (Jury Instruction 27); and *SEC v. Tourre*, 2013 WL 11317363 (S.D.N.Y. June 4, 2013) (Recognizing differences between that 17(a) and 10b).

34

**Defendants' Proposed Instruction No. 28**

## DEFINITION: "By means of"

As used in these instructions, the phrase "**by means of**" means that the alleged untrue statement or omission is the mechanism that naturally induces the investor to part with money in the investor's control.

---

Authority

*Loughrin v. United States*, 134 S. Ct. 2384, 2394 (2014).

**Defendants' Proposed Instruction No. 29**

### DEFINITION: "Negligent"

The term "**negligent**" refers to the failure to do what a reasonably careful and prudent person would have done under the same or like circumstances, or the failure to take some action that a reasonably careful and prudent person would not have taken under the same or like circumstances

---

Authority

*SEC v. Koenig*, No. 02 C 2180, Dkt. No. 428 (N.D. Ill. June 28, 2006) (Jury Instruction 28); and *SEC v. Grubbs*, No. 1:02-cv-1118-DFH/VSS, (S.D. Ind.) (Dkt. No. 369/ July 15, 2004—Court's Final Instructions No. 7)(modified).

**Defendants' Proposed Instruction No. 30**

**MULTI-CLAIM SUBMISSIONS - DESIGNATION OF APPLICABLE INSTRUCTIONS**

  Instructions ___ through ___ and general instructions 1 through ___ apply to the claim of the Securities and Exchange Commission's alleging a violations of Section 17(a)(1) of the Securities Act against Defendant Stifel Nicolaus & Company, Incorporated.  Use Verdict Form _C_ to return your verdict on this claim.

**Defendants' Proposed Instruction No. 31**

## SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933

Your verdict must be for the Securities and Exchange Commission and against Defendant Stifel Nicolaus & Company, Incorporated on the claim for violation of Section 17(a)(1) of the Securities Act of 1933, if you find that the SEC proved each of the following elements by a preponderance:

FIRST:          that Stifel employed a device, scheme, or artifice to defraud;

**and**

SECOND:          that Stifel's conduct, as described in paragraph First, was in the offer or sale of a security;

**and**

THIRD:          that Stifel obtained money by means of the conduct described in paragraph First;

**and**

FOURTH:          that Stifel acted as described in paragraph First with intent to defraud or with reckless disregard for the truth;

**and**

FIFTH:          that Stifel used or caused to be used the mails or means and instrumentalities of interstate commerce.

If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that Stifel acted in "Good Faith," as that phrase is defined in Instruction 20, then you must find Stifel not liable under Section 17(a)(1).

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

---

Authority

15 U.S.C. § 77q(a)(1).

11th Cir. Civil Pattern Jury Instr. § 6.8 (2013).

38

**Defendants' Proposed Instruction No. 32**

## SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933

Your verdict must be for Stifel Nicolaus & Company, Incorporated and against Plaintiff Securities and Exchange Commission on the claim for violation of Section 17(a)(1) of the Securities Act of 1933, if you find that:

Stifel did not employ a device, scheme, or artifice to defraud;

**or you find that:**

Stifel's alleged conduct did not occur in the offer or sale of a security;

**or you find that:**

Stifel did not act with intent to defraud or with reckless disregard for the truth;

**or you find that:**

Stifel did not use or cause to be used the mails or means and instrumentalities of interstate commerce;

**or you find that:**

Stifel acted in "Good Faith," as that phrase is defined in Instruction 20.

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

**Defendants' Proposed Instruction No. 33**

**MULTI-CLAIM SUBMISSIONS - DESIGNATION OF APPLICABLE INSTRUCTIONS**

Instructions ___ through ___ and general instructions 1 through ___ apply to the claim of the Securities and Exchange Commission's alleging a violations of Section 17(a)(2) of the Securities Act against Defendant Stifel, Nicolaus & Company, Incorporated. Use Verdict Form _D_ to return your verdict on this claim.

**Defendants' Proposed Instruction No. 34**

## SECTION 17(a)(2) OF THE SECURITIES ACT OF 1933

Your verdict must be for the Securities and Exchange Commission and against Defendant Stifel, Nicolaus & Company, Incorporated on the claim for violation of Section 17(a)(2) of the Securities Act of 1933, if you find that the SEC proved each of the following elements by a preponderance of the evidence:

FIRST:           that Stifel directly or indirectly made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading;

**and**

SECOND:      that Stifel's conduct, as described in paragraph First, was in the offer or sale of a security;

**and**

THIRD:         that Stifel obtained money by means of the conduct described in paragraph First;

**and**

FOURTH:      that Stifel's actions as described in paragraph First were negligent;

**and**

FIFTH:          that Stifel used or caused to be used the mails or means and instrumentalities of interstate commerce.

If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that Stifel acted in "Good Faith," as that phrase is defined in Instruction 20, then you must find Stifel not liable under Section 17(a)(2).

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

---

Authority

15 U.S.C. § 77q(a)(2).

11th Cir. Civil Pattern Jury Instr. § 6.9 (2013).

**Defendants' Proposed Instruction No. 35**

## SECTION 17(a)(2) OF THE SECURITIES ACT OF 1933

Your verdict must be for Stifel Nicolaus & Company, Incorporated and against Plaintiff Securities and Exchange Commission on the claim for violation of Section 17(a)(2) of the Securities Act of 1933, if you find that:

Stifel did not either directly or indirectly make an untrue statement of a material fact or omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading;

### or you find that:

Stifel's alleged conduct did not occur in the offer or sale of a security;

### or you find that:

Stifel was not negligent;

### or you find that:

Stifel did not use or cause to be used the mails or means and instrumentalities of interstate commerce;

### or you find that:

Stifel acted in "Good Faith," as that phrase is defined in Instruction 20.

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

42

**Defendants' Proposed Instruction No. 36**

## MULTI-CLAIM SUBMISSIONS - DESIGNATION OF APPLICABLE INSTRUCTIONS

Instructions ___ through ___ and general instructions 1 through ___ apply to the claim of the Securities and Exchange Commission's alleging a violations of Section 17(a)(3) of the Securities Act against Defendant Stifel, Nicolaus & Company, Incorporated. Use Verdict Form _E_ to return your verdict on this claim.

**Defendants' Proposed Instruction No. 37**

## SECTION 17(a)(3) OF THE SECURITIES ACT OF 1933

Your verdict must be for the Securities and Exchange Commission and against Defendant Stifel, Nicolaus & Company, Incorporated on the claim for violation of Section 17(a)(3) of the Securities Act of 1933, if you find that the SEC proved each of the following elements by a preponderance of the evidence:

FIRST: that Stifel engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person;

**and**

SECOND: that Stifel's conduct, as described in paragraph First, was in the offer or sale of a security;

**and**

THIRD: that Stifel obtained money by means of the conduct described in paragraph First;

**and**

FOURTH: that Stifel's actions as described in paragraph First were negligent;

**and**

FIFTH: that Stifel used or caused to be used the mails or means and instrumentalities of interstate commerce.

If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that Stifel acted in "Good Faith," as that phrase is defined in Instruction 20, then you must find Stifel not liable under Section 17(a)(3).

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

---

Authority

15 U.S.C. § 77q(a)(3).

44

**Defendants' Proposed Instruction No. 38**

### SECTION 17(a)(3) OF THE SECURITIES ACT OF 1933

Your verdict must be for Stifel, Nicolaus & Company, Incorporated and against Plaintiff Securities and Exchange Commission on the claim for violation of Section 17(a)(3) of the Securities Act of 1933, if you find that:

Stifel did not engage in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person;

#### or you find that:

Stifel's alleged conduct did not occur in the offer or sale of a security;

#### or you find that:

Stifel was not negligent;

#### or you find that:

Stifel did not use or cause to be used the mails or means and instrumentalities of interstate commerce;

#### or you find that:

Stifel acted in "Good Faith," as that phrase is defined in Instruction 20.

In applying this Instruction, refer to the definitions that I gave you in Instructions ____ and ____.

45

**Defendants' Proposed Instruction No. 39**

**MULTI-CLAIM SUBMISSIONS - DESIGNATION OF APPLICABLE INSTRUCTIONS**

Instructions ___ through ___ and general instructions 1 through ___ apply to the claim of the Securities and Exchange Commission's alleging violations of Section 17(a)(1) of the Securities Act against Defendant David W. Noack.  Use Verdict Form _F_ to return your verdict on this claim.

**Defendants' Proposed Instruction No. 40**

## SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933

Your verdict must be for the Securities and Exchange Commission and against Defendant David W. Noack on the claim for violation of Section 17(a)(1) of the Securities Act of 1933, if you find that the SEC proved each of the following elements by a preponderance of the evidence:

FIRST:         that David Noack employed a device, scheme, or artifice to defraud;

**and**

SECOND:         that David Noack's conduct, as described in paragraph First, was in the offer or sale of a security;

**and**

THIRD:         that David Noack obtained money by means of the conduct describe in paragraph First;

**and**

FOURTH:         that David Noack acted as described in paragraph First with intent to defraud or with reckless disregard for the truth;

**and**

FIFTH:         that David Noack used or caused to be used the mails or means and instrumentalities of interstate commerce.

If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that David Noack acted in "Good Faith," as that phrase is defined in Instruction 20, then you must find David Noack not liable under Section 17(a)(1).

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

_____

## Authority

15 U.S.C. § 77q(a)(1)(modified).

11th Cir. Civil Pattern Jury Instr. § 6.8 (2013)(modified).

**Defendants' Proposed Instruction No. 41**

## SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933

Your verdict must be for David W. Noack and against Plaintiff Securities and Exchange Commission on the claim for violation of Section 17(a)(1) of the Securities Act of 1933, if you find that:

David Noack did not employ a device, scheme, or artifice to defraud;

**or you find that:**

David Noack's alleged conduct did not occur in the offer or sale of a security;

**or you find that:**

David Noack did not act with intent to defraud or with reckless disregard for the truth;

**or you find that:**

David Noack did not use or cause to be used the mails or means and instrumentalities of interstate commerce;

**or you find that:**

David Noack acted in "Good Faith," as that phrase is defined in Instruction 20.

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

48

**Defendants' Proposed Instruction No. 42**

**MULTI-CLAIM SUBMISSIONS - DESIGNATION OF APPLICABLE INSTRUCTIONS**

Instructions ___ through ___ and general instructions 1 through ___ apply to the claim of the Securities and Exchange Commission's alleging violations of Section 17(a)(2) of the Securities Act against Defendant David W. Noack.  Use Verdict Form  _G_  to return your verdict on this claim.

**Defendants' Proposed Instruction No. 43**

## SECTION 17(a)(2) OF THE SECURITIES ACT OF 1933

Your verdict must be for the Securities and Exchange Commission and against Defendant David W. Noack on the claim for violation of Section 17(a)(2) of the Securities Act of 1933, if you find that the SEC proved each of the following elements by a preponderance of the evidence:

FIRST:                that David Noack directly or indirectly made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading;

**and**

SECOND:        that David Noack's conduct, as described in paragraph First, was in the offer or sale of a security;

**and**

THIRD:          that David Noack obtained money by means of the conduct described in paragraph First;

**and**

FOURTH:        that David Noack's actions as described in paragraph First were negligent;

**and**

FIFTH:            that David Noack used or caused to be used the mails or means and instrumentalities of interstate commerce.

If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that David Noack acted in "Good Faith," as that phrase is defined in Instruction 20, then you must find David Noack not liable under Section 17(a)(2).

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

---

Authority

15 U.S.C. § 77q(a)(2)(modified).

11th Cir. Civil Pattern Jury Instr. § 6.9 (2013)(modified).

**Defendants' Proposed Instruction No. 44**

## SECTION 17(a)(2) OF THE SECURITIES ACT OF 1933

Your verdict must be for David W. Noack and against the Securities and Exchange Commission on the claim for violation of Section 17(a)(2) of the Securities Act of 1933, if you find that:

David Noack did not either directly or indirectly make an untrue statement of a material fact or omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading;

### or you find that:

David Noack's alleged conduct did not occur in the offer or sale of a security;

### or you find that:

David Noack was not negligent;

### or you find that:

David Noack did not use or cause to be used the mails or means and instrumentalities of interstate commerce;

### or you find that:

David Noack acted in "Good Faith," as that phrase is defined in Instruction 20.

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

51

**Defendants' Proposed Instruction No. 45**

**MULTI-CLAIM SUBMISSIONS - DESIGNATION OF APPLICABLE INSTRUCTIONS**

      Instructions \_\_\_ through \_\_\_ and general instructions 1 through \_\_\_ apply to the claim of the Securities and Exchange Commission's alleging a violations of Section 17(a)(3) of the Securities Act against Defendant David W. Noack.  Use Verdict Form  _H_  to return your verdict on this claim.

**Defendants' Proposed Instruction No. 46**

## SECTION 17(a)(3) OF THE SECURITIES ACT OF 1933

Your verdict must be for the Securities and Exchange Commission and against Defendant David W. Noack on the claim for violation of Section 17(a)(3) of the Securities Act of 1933, if you find that the SEC proved each of the following elements by a preponderance of the evidence:

FIRST:     that David Noack engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person;

**and**

SECOND:     that David Noack's conduct, as described in paragraph First, was in the offer or sale of a security;

**and**

THIRD:     that David Noack obtained money by means of the conduct described in paragraph First;

**and**

FOURTH:     that David Noack's actions as described in paragraph First were negligent;

**and**

FIFTH:     that David Noack used or caused to be used the mails or means and instrumentalities of interstate commerce.

If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that David Noack acted in "Good Faith," as that phrase is defined in Instruction 20, then you must find David Noack not liable under Section 17(a)(3).

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

---

Authority

15 U.S.C. § 77q(a)(3)(modified).

**Defendants' Proposed Instruction No. 47**

### SECTION 17(a)(3) OF THE SECURITIES ACT OF 1933

Your verdict must be for David W. Noack and against the Securities and Exchange Commission on the claim for violation of Section 17(a)(3) of the Securities Act of 1933, if you find that:

David Noack did not engage in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person;

#### or you find that:

David Noack's alleged conduct did not occur in the offer or sale of a security;

#### or you find that:

David Noack was not negligent;

#### or you find that:

David Noack did not use or cause to be used the mails or means and instrumentalities of interstate commerce;

#### or you find that:

David Noack acted in "Good Faith," as that phrase is defined in Instruction 20.

In applying this Instruction, refer to the definitions that I gave you in Instructions ____ and ____.

54

**SECTION 15(c)(1)(A) CLAIMS**

**Defendants' Proposed Instruction No. 48**

**MULTI-CLAIM SUBMISSIONS - DESIGNATION OF APPLICABLE INSTRUCTIONS**

Instructions ___ through ___ and general instructions 1 through ___ apply to the claim of the Securities and Exchange Commission's alleging a violation of Section 15(c)(1)(A) of the Exchange Act against Defendant Stifel, Nicolaus & Company, Incorporated. Use Verdict Form _I_ to return your verdict on this claim.

**Defendants' Proposed Instruction No. 49**

## SECTION 15(c)(1)(A) OF THE EXCHANGE ACT OF 1934

Your verdict must be for the Securities and Exchange Commission and against Defendant Stifel, Nicolaus & Company, Incorporated on the claim for violation of Section 15(c)(1)(A) of the Exchange Act, if you find that the SEC proved each of the following elements by a preponderance of the evidence:

FIRST, that Stifel effected a transaction in, or induced or attempted to induce the purchase or sale of, a security by means of an untrue statement of a material fact or by omitting to state a material fact necessary under the circumstances to keep the statements that were made from being misleading;

**and**

SECOND, that Stifel acted with intent to defraud;

**and**

THIRD, that Stifel used or caused to be used means and instrumentalities of interstate commerce, such as mail or telephone.

If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or if your find that Stifel acted in "Good Faith," as defined in Instruction 20, then you must find Stifel not liable under Section 15(c)(1)(A).

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

---

### Authority

15 U.S.C. § 78o(c)(1)(A).

*SEC v. ICP Asset Mgmt., LLC*, 10 Civ. 4791, Dkt. No. 142 (S.D.N.Y. Jan. 27, 2012) (defendant's proposed jury instructions V.A. which in turn cites 15 U.S.C. § 78o(c)(1)(A); *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869 (2010); *SEC v. George*, 426 F.3d 786, 792 (6th Cir. 2005); *SEC. v. Morgan Keegan & Co.*, No. 1:09-CV-1965-WSD, __ F. Supp. 2d __, 2011 WL 2559362, at *6 (N.D. Ga. June 28, 2011) ("The elements of a section 15(c)(1) claim are the same as a section 10(b) claim."); *SEC v. Pasternak*, 561 F. Supp. 2d 459, 514 (D.N.J. 2008); *SEC v. Wexler*, No. 92 Civ. 2902 (SWK), 1993 WL 362390, at *5 n.6 (S.D.N.Y. Sept. 14, 1993); *Darvin v. Bache Halsey Stuart Shields, Inc.*, 479 F. Supp. 460, 464 (S.D.N.Y. 1979) ("[W]e find that the same scienter standard applies to sections 10(b) and 15(c), and Rules 10b-5 and 15cl-2.")).

**Defendants' Proposed Instruction No. 50**

### SECTION 15(c)(1)(A) OF THE EXCHANGE ACT OF 1934

Your verdict must be for Stifel, Nicolaus & Company, Incorporated and against for the Securities and Exchange Commission on the claim for violation of Section 15(c)(1)(A) of the Exchange Act, if you find that:

Stifel did not effected a transaction in, or induced or attempted to induce the purchase or sale of, a security by means of an untrue statement of a material fact or by omitting to state a material fact necessary under the circumstances to keep the statements that were made from being misleading;

**or you find that:**

Stifel did not act with intent to defraud;

**or you find that:**

Stifel did not use or cause to be used means and instrumentalities of interstate commerce, such as mail or telephone;

**or you find that:**

Stifel acted in Good Faith, as defined in Instruction 20.

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.

**Defendants' Proposed Instruction No. 51**

## GOOD FAITH EXCHANGE ACT SECTION 15(c)(1)(A)

In determining whether the SEC has met its burden of proving that a defendant acted with an intent to defraud, as required under Section 15(c)(1)(A) claim, you should apply the definition of Good Faith provided in Instruction 20.

---

Authority

*Darvin v. Bache Halsey Stuart Shields, Inc.*, 479 F. Supp. 460, 464 (S.D.N.Y. 1979) ("[W]e find that the same scienter standard applies to sections 10(b) and 15(c), and Rules 10b-5 and 15cl-2.").

**Defendants' Proposed Instruction No. 52**

**MULTI-CLAIM SUBMISSIONS - DESIGNATION OF APPLICABLE INSTRUCTIONS**

Instructions ___ through ___ and general instructions 1 through ___ apply to the claim of the Securities and Exchange Commission's alleging aiding and abetting a violation of Section 15(c)(1)(A) of the Exchange Act against Defendant David W. Noack. Use Verdict Form _J_ to return your verdict on this claim.

**Defendants' Proposed Instruction No. 53**

## AIDING AND ABETTING A VIOLATION OF SECTION 15(c)(1)(A) OF THE EXCHANGE ACT

Your verdict must be for the Securities and Exchange Commission and against Defendant David Noack on the claim that David W. Noack aided and abetted a violation of Section 15(c)(1)(A) of the Exchange Act, if you find that the SEC proved by a preponderance of the evidence that:

First:        Stifel committed one or more violations of Section 15(c)(1)(A) of the Exchange Act;

**and**

Second:       David Noack provided substantial assistance to Stifel in violating Section 15(c)(1)(A) of the Exchange Act;

**and**

Third:        David Noack knew, or was reckless in not knowing, of Stifel's violation Section 15(c)(1)(A) of the Exchange Act and of his role in furthering the violation.

You should consider whether David Noack aided and abetted in a violation of Section 15(c)(1)(A) *only* if you have already found that Stifel violated Section 15(c)(1)(A) of the Exchange Act.

You are further instructed that in order for you to find that David Noack provided substantial assistance to Stifel in violating Section 15(c)(1)(A) of the Exchange Act, the SEC must prove by a preponderance of the evidence that David Noack affirmatively assisted or helped conceal Stifel's violation Section 15(c)(1)(A) of the Exchange Act, meaning that David Noack's conduct must have been a substantial, causal factor in the perpetration of the violation.

It is not enough for the SEC to prove that "but for" David Noack's actions, the violations would not have occurred. Instead, the SEC must prove that David Noack's actions were a substantial factor in bringing about the violation, and that the violation was a reasonably foreseeable result of David Noack's acts. Mere awareness and approval of the primary violation is insufficient to satisfy this element. Inaction may be a form of "substantial assistance" if you find that the silence of David Noack was intended to aid Stifel in committing the primary violation.

If you find that the SEC has failed to prove any of these elements by a preponderance, then you must find David Noack not liable for aiding and abetting a violation of Section 15(c)(1)(A).

61

<u>Authority</u>

15 U.S.C. § 78o(c)(1)(A).

**Defendants' Proposed Instruction No. 54**

## AIDING AND ABETTING A VIOLATION OF SECTION 15(c)(1)(A) OF THE EXCHANGE ACT

Your verdict must be for David W. Noack and against for the Securities and Exchange Commission on the claim of aiding and abetting a violation of Section 15(c)(1)(A) of the Exchange Act, if you find that:

Stifel did not commit one or more violations of Section 15(c)(1)(A) of the Exchange Act;

### or you find that

David Noack did not provided substantial assistance to Stifel in violating Section 15(c)(1)(A) of the Exchange Act;

### or you find that:

David Noack did not affirmatively assist or help conceal Stifel's violation Section 15(c)(1)(A) of the Exchange Act, meaning that David Noack's conduct was not a substantial, causal factor in the brining about the violation;

### or you find that

David Noack did not know and was not reckless in not knowing, of Stifel's violation Section 15(c)(1)(A) of the Exchange Act and of his role in furthering the violation.

63

Dated this 24th day of August, 2016

By: /s/ Richard H. Kuhlman

Jeffrey J. Kalinowski
Hal A. Goldsmith
Richard H. Kuhlman
John J. Schoemehl
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
(314) 259-2000 – Phone
(314) 259-2020 – Fax
jeff.kalinowski@bryancave.com
rick.kuhlman@bryancave.com
hal.goldsmith@bryancave.com
john.schoemehl@bryancave.com

Brian G. Cahill
David J. Turek
GASS WEBER MULLINS LLC
309 N. Water Street, Suite 700
Milwaukee, Wisconsin 53202
(414) 223-3300 - Phone
(414) 224-6116 - Fax
cahill@gasswebermullins.com
turek@gasswebermullins.com

*Counsel for Defendant Stifel, Nicolaus & Company,*
*Incorporated*