# EXHIBIT

# 25

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 11-cv-755** |
| | : | |
| **STIFEL, NICOLAUS & CO., INC. and DAVID W. NOACK,** | : | **Hon. Charles N. Clevert Jr.** |
| | : | |
| **Defendants.** | : | |

---

## SECURITY AND EXCHANGE COMMISSION'S PRELIMINARY OBJECTIONS TO DEFENDANTS' <u>PROPOSED JURY INSTRUCTIONS AND VERDICT FORM</u>

Dated:  August 24, 2016

Steven C. Seeger
Robert M. Moye
Alyssa A. Qualls
Jeffrey A. Shank
Ariella O. Guardi
Kevin A. Wisniewski
175 W. Jackson Blvd., Suite 900
Chicago, IL  60604-2615

Attorneys for Plaintiff
U.S. Securities and Exchange Commission

**Prefatory Statement**

The SEC respectfully submits the following preliminary objections to the jury instructions proposed by defendants Stifel and David Noack. Defendants sent their proposed instructions to the SEC at 5:46 p.m. on August 22, 2016 – just two days ago. Although the SEC is still reviewing all 83 pages of instructions, it submits these preliminary objections and reserves its right to add and/or amend them.

As a general matter, the SEC makes two overarching observations.

*First*, the defendants go out of their way to confuse and overwhelm the jury with complicated and tangled instructions. Defendants propose duplicative instructions. They take every-day concepts like the definition of an "untrue statement" and turn them into legal jargon. Jury instructions should offer simple, easy-to-read guidance and convey to jurors correct principles of law applicable to the evidence. Instructions in legalese are "wholly unsuitable for a jury; jurors are not lawyers and jury instructions should steer clear of legal jargon." *United States v. Dobek*, 789 F.3d 698, 700 (7th Cir. 2015). While complex and multifaceted instructions will no doubt increase defendants' odds of shaking off liability on a technicality, they don't assist the jurors in their role as fact finders.

*Second*, the defendants' proposed instructions are unbalanced, and repeatedly attempt to raise the bar for the SEC. For example, in their proposal, defendants unnecessarily repeat that the burden of proof is on the SEC – over and over again – and otherwise attempt to put their fingers on the scale. The defendants' instructions are repetitive, too. They go out of their way to suggest ways that the jury can find for the defendants. For example, the proposed instructions use the phrase "if you find that the SEC has failed to prove" ten times. As a second example,

Defendants' Proposed Instructions Nos. 11, 13, 14, 20, 23, 26, 32, 35, 38, 41, 44, 47, 50, and 54 put forward ways for the jury to find "for" the defendants and "against" the SEC.

Jury instructions must be even-handed and non-suggestive, without attempting to tilt the scales in favor of either side. The SEC's proposed jury instructions achieved that goal, but the proposed instructions from the defendants here fall far short.

**SEC's Objections to Defendants' Proposed Instruction**

**Defendants' Preliminary Instructions Before Trial**

*Members of the Jury:*

*You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.*

*I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.*

*The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."*

*You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts may not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.*

*On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, do not be concerned because you will get to see and study it later during your deliberations.*

*If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually. If you do decide to take notes, do not try to write everything down because you will get so involved in note taking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places--things that might be difficult to remember.*

*Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.*

*If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.*

*During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.*

3

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendants will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

4

**SEC's Objections**

The SEC objects to the proposed instruction for the following reasons:

*First*, the proposed instruction is duplicative of several of this Court's standard instructions, which adopted the Seventh Circuit's Federal Civil Jury Instructions. *See e.g.,* Federal Civil Jury Instructions of the Seventh Circuit, §§ 1.01, 1.04, 1.06, 1.07, 1.08, 1.11, etc. (2015 rev.). This Court's standard instructions are clear and consistent with the law of this Circuit. Duplicative instructions have the potential to confuse and mislead the jury.

*Second*, the proposed instruction is duplicative of several of the parties' Joint Proposed Instructions. *See, e.g.,* Joint Proposed Instructions Nos. 2, 9, 18, 20.

*Third*, the defendants' proposed instruction is unnecessarily verbose, which could also confuse or mislead the jury.

**Defendants' Proposed Instruction No. 2 ("Charts")**

*Certain demonstrative exhibits have been shown to you, such as, for example, pictures, diagrams, and charts, which took the form, in certain instances, of boards placed on easels and slides projected on the screen. Those are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.*

<u>**SEC's Objections**</u>

The SEC objects to the proposed instruction because it unnecessarily limits what constitutes a "demonstrative exhibit" and, accordingly, is confusing. The proposed instruction's title, "Chart," implies that only charts are "demonstrative exhibits." That definition is far too limited. Demonstrative exhibits may include charts, graphs, timelines, PowerPoints, and other visual aids. Defendants' proposed instruction may confuse the jury into believing that other forms of demonstrative exhibits are evidence or proof of any facts.

Instead, this Court should adopt Joint Proposed Instruction No. 28, titled "Demonstrative Exhibits," to which the defendants have already agreed. This instruction adopts the Seventh Circuit's pattern instructions regarding demonstrative exhibits (modified as contemplated by the pattern instructions) and provides a more exhaustive list of demonstrative exhibits and makes clear that the jury should not consider these other forms of demonstrative exhibits as evidence or proof of any facts.

**Defendants' Proposed Instruction No. 3 ("Credibility of Witnesses")**

*You are the judges of the credibility – that is, the believability – of the witnesses. Especially where the testimony of witnesses conflicts, you must determine whom you will believe and whom you will not believe and what is the truth.*

*In determining the credibility of the witnesses, you may consider many factors, including their interest or lack of interest in the result of this lawsuit; their manner and bearing on the witness stand; their means or lack of means of knowing the facts about which they have testified; how far, if at all, they are either supported or contradicted by other evidence; their power of memory or the lack of memory; and inconsistent or consistent statements made by them, if any. From considering all the evidence, you will give to each witness the credit to which he or she is entitled.*

*Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. Also, honestly mistaken memories, like failures of memory, are not uncommon. In weighing the effect of any discrepancy, always consider whether it involves an important fact or an unimportant detail, and whether the discrepancy results from an innocent mistake or a deliberate falsehood.*

*In weighing the evidence and deciding the preponderance of the evidence, keep in mind that the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence. You may find that the testimony of a few witnesses or just one witness about a particular fact or issue is more credible than the testimony of a larger number of witnesses who testified differently. Your job is to consider the testimony of each witness, and to decide which witnesses and which evidence seem to you to be most accurate and trustworthy.*

## SEC's Objections

The SEC objects to the proposed instruction as unnecessary and duplicative because witness credibility is already covered by this Court's standard instruction regarding the Testimony of Witnesses (Deciding what to Believe). That instruction is reflected in the parties' Joint Proposed Instruction No. 6, which conveys to the jury correct principles of law applicable to witness credibility and instructs the jury how to evaluate the testimony of trial witnesses. *See* Joint Proposed Instruction No. 6. The defendants' proposed instruction is duplicative of this Court's standard instruction and thus would confuse or mislead the jury.

**Defendants' Proposed Instruction No. 4 ("Impeachment of A Witness")**

*A witness may be discredited or "impeached" by contradictory evidence, by, among other things, a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something that is inconsistent with the witness's testimony.*

*If you believe that any witness has been impeached, then you must determine whether to believe the witness's testimony in whole, in part, or not at all, and how much weight to give to that testimony.*

**SEC's Objections**

The SEC objects to the proposed instruction as unnecessary and duplicative because witness credibility is already covered by this Court's standard instruction regarding the Testimony of Witnesses (Deciding what to Believe). That instruction is reflected in the parties' Joint Proposed Instruction No. 6, which conveys to the jury correct principles of law applicable to witness credibility and instructs the jury how to evaluate the testimony of trial witnesses. *See* Joint Proposed Instruction No. 6. Defendants' proposed instruction is duplicative of this Court's standard instruction and thus would confuse or mislead the jury.

**Defendants' Proposed Instruction No. 5 ("Sympathy")**

*Under your oath as jurors you are not to be swayed by sympathy for or against any party. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.*

*You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.*

**SEC's Objections**

The SEC objects to the proposed instruction as substantially duplicative of the parties'

Joint Proposed Instructions regarding the functions of the court and the jury, which adopted this

Court's standard instruction. *See* Joint Proposed Instruction No. 4.

**Defendants' Proposed Instruction No. 6 ("Summaries")**

*Stipulated*

*The parties agree that [describe summary in evidence] accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.*

*Not Stipulated*

*Certain [describe summary in evidence] is/are in evidence. [The original materials used to prepare those summaries also are in evidence.] It is up to you to decide if the summaries are accurate.*

*-OR -*

*SUMMARIES OF EVIDENCE*

*The Defendants have presented exhibits in the form of summaries. I decided to admit these summaries of voluminous writings, recording or photographs in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these summaries as you would any other evidence.*

**SEC's Objections**

The SEC objects to the proposed instruction to the extent it is inconsistent with the Seventh Circuit's Federal Civil Jury Instructions regarding Summaries and Summaries of Records as Evidence.  *See* Federal Civil Jury Instructions of the Seventh Circuit, §§ 1.23, 2.12 (2015 rev.).

**Defendants' Proposed Instruction No. 7 ("Depositions")**

*Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.*

**SEC's Objections**

The SEC objects to the proposed instruction for the following reasons:

***First,*** the proposed instruction is unnecessary because the substance of the proposed instruction is already covered by the parties Joint Proposed Instructions. *See* Joint Proposed Instructions Nos. 10, 28. The Joint Proposed Instructions explain what a deposition is and explain that such testimony should be given the same consideration had the witnesses appeared and testified in court. *Id.* The defendants' proposed instruction is substantially duplicative of the Joint Proposed Instructions and thus would confuse or mislead the jury.

***Second***, the parties' Joint Proposed Instructions regarding depositions incorporated the Seventh Circuit's pattern instructions with respect to depositions. *See*, Federal Civil Jury Instructions of the Seventh Circuit §§ 1.05, 2.08 (2015 rev.). In contrast, the defendants' proposed instruction is derived from an outdated treatise. *See* 4 L. SAND, *ET AL.*, MODERN FEDERAL JURY INSTRUCTIONS 74.07, Inst. 74-14 (2002). Accordingly, this Court should adopt the Seventh Circuit's pattern instruction over the defendants' proposed instruction.

**Defendants' Proposed Instruction No. 11 ("Agency")**

*An entity is liable for the conduct of employees acting within the scope of their employment. The scope of employment includes acts closely connected with, and fairly and reasonable incidental to, the tasks the employee is employed to perform.*

*You are instructed that statements or omissions made by David Noack can only be attributed to Stifel if that statement or omission was made by David Noack while he was acting within the scope of his employment. If you find that David Noack made a statement or omission outside the scope of his employment with Stifel, you cannot attribute that statement or omission to Stifel.*

## SEC's Objections

The SEC objects to the proposed instruction for the following reasons:

*First,* the second sentence is misleading and confusing because it implies that an employee's fraudulent conduct can never be within the scope of his/her employment. It is well established that actions constituting fraud or a misuse of authority may fall within the scope of employment. *Javier v. City of Milwaukee*, 670 F.3d 823, 830 (7th Cir. 2012) ("an employee can misuse or exceed his authority while still acting within the scope of his employment."); *Lemons v. City of Milwaukee*, 2016 WL 3746571, at \*24 (E.D. Wis. 2016) (J. Clevert) (same); *S.V. v. Kratz*, 2012 WL 5833185, at \*4 (E.D. Wis. 2012) ("Yet, as a rule, employee conduct that is prohibited or even criminal does not necessarily fall outside the scope of employment."). "An employee may act within the scope of employment if some of his actions involved performance of his job duties, even if he used improper methods to carry out those duties." *Lemons*, 2016 WL 3746571, at \*24.

In *Javier*, the Seventh Circuit reversed a jury award and remanded for a new trial on the scope of employment issue because the district court failed to instruct the jury that a police offer who misuses or exceeds his authority may be found to have acted within the scope of his employment. 670 F.3d at 832-33. The court concluded that the omission rendered the jury

instruction "materially incomplete," and "missing a critical relevant legal principle [that] was likely confus[ing] and mis[leading]." *Id*. at 832, 830.

The defendants' proposed instruction is similarly "materially incomplete" because it fails to explain that an employee's misconduct may fall within the scope of his/her employment even though the employer has not authorized the employee to commit the misconduct.

***Second***, the proposed instruction is lopsided and highly suggestive. The proposal suggests that Noack was acting outside of the scope of his employment, thereby absolving Stifel of liability. The proposed instruction is pure advocacy, not a jury instruction.

***Third***, the proposed instruction makes no mention of apparent authority.

***Fourth***, the two sentences in the second paragraph are unnecessary, confusing, and do not fit with the facts of the case. The defendants have no argument that Noack outside the scope of his responsibilities.

**Defendants' Proposed Instruction No. 12 (DEFINITION: "Device, scheme, or artifice to defraud")**

*I will now define some terms for you to use in applying Instructions _____..*

*With respect to the phrase "**device, scheme, or artifice to defraud**," you are instructed that a "scheme" is a design or plan formed to accomplish some purpose. A "device" when used in an unfavorable sense, is a "trick" or "fraud." Put another way, the phrase "device, scheme, or artifice to defraud" would refer to any plan or course of action that involves: (1) false or fraudulent pretenses, (2) untrue statements of material facts, (3) omissions of material facts, or (4) representations, promises, and patterns of conduct calculated to deceive.*

*Any device, scheme, or artifice to defraud, untrue statement or omission, or act, practice, or course of business which operated as a fraud or deceit must be material. I will explain what I mean by "material" in Instruction ____.*

<u>**SEC's Objections**</u>

The SEC objects to the proposed instruction for the following reasons:

***First***, the defendants' proposed definition of "device, scheme, or artifice to defraud" as a "design or plan" is unduly narrow. The emphasis on "design" and "plan" erroneously reads "device" and "artifice" out of the statutory definition and suggests incorrectly that false statements are not covered. The SEC's proposed definition of "device, scheme, or artifice" is more accurate and should be used instead. *See* SEC's Proposed Instruction No. 16.

Similarly, the word "trick" appears nowhere in the statute and defendants provide no authority supporting the definition. The proposed instruction's emphasis on "trick" erroneously implies that this element focuses on the impact on the victim, when in fact the focus should be on the behavior of the perpetrator.

***Second***, the third sentence misstates the law by implying that the only way to establish a "device, scheme, or artifice to defraud," is by the four categories of conduct defined in the proposed instruction. The proposed instruction impermissibly limits the universe of conduct constituting a "device, scheme, or artifice to defraud." It leaves no room for fraudulent conduct

14

falling outside the proposed definition. Such an instruction would confuse the jury into believing only four types of conduct could constitute a "device, scheme, or artifice to defraud." Fraud is a general term which embraces all ingenious efforts and means that individuals devise to take advantage of others.

*Third*, the defendants' proposed instruction ignores recent precedent from this Circuit and recent SEC fraud cases. The defendants pulled the language from the 11th Circuit's pattern instruction. The SEC's proposed instruction draws heavily from six recent SEC fraud cases, including a 2016 fraud case in the Northern District. *SEC v. Ferrone*, 1:11-cv-05223 (N.D. Ill. 2016), Jury Instructions (Dckt. No. 270), at 22; *SEC v. Quan*, 11-cv-00723 (D. Minn. 2014), Jury Instructions (Dckt. No. 491), at 24; *SEC v. Capital Solutions Monthly Income Fund, LP*, 10-cv-3995 (D. Minn. 2013), Jury Instructions (Dckt. No. 354), at 15; *SEC v. Wyly*, 10-cv-5760(SAS) (S.D.N.Y. 2014), Jury Instructions, at 23; *SEC v. Tourre*, 10-cv-3229(KBF) (S.D.N.Y. 2013), Jury Instructions (Dckt. No. 433-3), at 19-20, 36-37; *SEC v. Heart Tronics, Inc.*, 8:11-cv-01962 (C.D. Cal. 2015), Jury Instructions (Dckt. 303), at 26. The defendants make no mention of these instructions.

*Fourth*, the final paragraph of the instruction is unnecessary and duplicative. The preceding paragraph already mentions materiality (twice). Another instruction also defines "material."

**Defendants' Proposed Instruction No. 13 (DEFINITION: "Untrue Statement")**

*The term "**untrue statement**" is defined as a statement that is false when it is made, and you are further instructed that any alleged untrue statement or misrepresentation must also be a material, as I will define in Instruction _____. Even if subsequent events prove a statement to be false, that does not mean that the statement was false when made. You may not find a statement to be false merely because subsequent events prove the statement to have been false. To satisfy this definition the defendant must have actually made the allegedly false statement. Merely taking part in the decision to make a statement or even being intricately involved in making the statement is not sufficient. Nor is it sufficient that the defendant approved the making of a false or misleading statement by another, even if the defendant had knowledge that the statement was false or misleading. Instead, the SEC must prove by a preponderance of the evidence that the defendant had ultimate authority over the statement, including its content and whether and how to communicate it.*

**SEC's Objections**

The SEC objects to the proposed instruction for the following reasons:

***First***, the proposed instruction is unnecessarily complicated and confusing. Every juror understands what a true statement is and what an untrue statement is. The defendants try to overly complicate an every-day concept by erecting artificial limitations and referencing irrelevant legal concepts.

For example, the second half of the defendants' muddled definition attempts to incorporate a *Janus* defense into the definition of an "untrue statement." *See Janus Capital Group, Inc. v. First Derivative Traders*, 131 S. Ct. 2296 (2011). In *Janus*, the Supreme Court limited the persons who may be held primarily liable for "making" an untrue or misleading statement under Section 10(b) and Rule 10b-5(b) to those "with ultimately authority over the statement, including its content and whether and how to communicate it." *Janus*, 131 S. Ct. at 2302.). *Janus* has nothing to do with this case. There is no dispute that the untrue statements alleged in the SEC's complaint were made by Noack, Stifel's Senior Vice President, Co-

Manager of its Milwaukee office, and long-time agent. There is no dispute that Noack "actually made the alleged false statement."

*Second*, the proposed instruction is lopsided and highly suggestive. The proposal suggests multiple ways in which untrue statements may not really be untrue.

*Third*, the defendants improperly attempt to conflate the issue of materiality with the definition of an "untrue statement." Materiality has nothing to do with whether a statement was true or false. The proposed instruction would be confusing and misleading for the jury.

*Fourth,* the defendants misstate the law with respect to broker-dealers. Broker-dealers like Stifel cannot blame anyone else for their misstatements, particularly where they adopted them without doing any independent investigation. As Judge Rakoff explained, "when recommending specific securities, a broker has *a duty to do some independent investigation* and *cannot rely solely on the materials submitted by the issuer* or given to him by his employer." *See SEC v. Platinum Inv. Corp.*, 2006 WL 2707319, at *3 (S.D.N.Y. 2006) (emphasis added). The fact that Stifel dropped a footnote, and attributed the chart to RBC, makes no difference. *See* Stifel Brf., at 9-10 (Dckt. No. 269).

The failure to investigate is a "virtual admission of reckless disregard of [a party's] obligations as a registered representative, sufficient to constitute scienter." *Id.* at *2; *see also Hanly v. SEC*, 415 F.2d 589, 597 (2d Cir. 1969); *SEC v. Randy*, 38 F. Supp. 2d 657, 670 (N.D. Ill. 1999); *SEC v. Hasho*, 784 F. Supp. 1059, 1107-08 (S.D.N.Y. 1992); *SEC v. Milan Capital Group, Inc.*, 2000 WL 1682761, at *5 (S.D.N.Y. 2000); *SEC v. Current Financial Services, Inc.*, 100 F. Supp. 2d 1, 7 (D.D.C. 2000); *SEC v. Great Lakes Equities Co.*, 1990 WL 260587, at *7 (E.D. Mich. 1990).

**Defendants' Proposed Instruction No. 14 (DEFINITION: "Omission")**

An *"omission"* is the failure to state facts that would be necessary to make the statements made by a defendant not misleading at the time the omission occurred, and you are further instructed that any alleged omission must also be a material, as I will define in Instruction _____. An omission violates the law only if the defendant had a duty to disclose the omitted fact. A defendant does not have a duty to disclose every fact they possess or any fact that is in the public domain. But each defendant has a duty to disclose a fact if a prior or contemporaneous statement made by the defendant about the same subject would be misleading if the fact is not disclosed.


## SEC's Objections

The SEC objects to the proposed instruction for the following reasons:

*First*, the use of the phrase "at the time the omission occurred" is vague and confusing. By definition, an omission did not "occur." Or, looking at it another way, an omission "occurs" continuously. Either way, this phrase is too vague and confusing to include in the jury instructions.

*Second,* the defendants' definition of "omission" is misleading. The definition suggests that a defendant only has a duty to correct his *own* misleading statements. Under this formulation, Noack would be free to leave uncorrected a statement of Stifel's that he knew was misleading, and vice versa. In addition, this formulation seemingly would not require the defendants to correct or supplement information "made" by a third party that the defendants passed along to the victims or otherwise knew the victims had received.

*Third*, the proposed instruction is convoluted and repetitive with other instructions. For example, the instruction includes a reference to materiality but does not define it. Also, the first sentence of the proposed instruction is written in an awkward way and will be difficult for the jury to understand.

*Fourth*, there is a much simpler formulation of this definition, which has been used in jury instructions by other courts. The law requires that when a disclosure is made, it must be

complete and accurate in all material respects.  *See, e.g., SEC v. Wyly*, 10-cv-5760(SAS)

(S.D.N.Y. 2014), Jury Instructions, at 27-29.  Accordingly, this Court should adopt the SEC's

Proposed Instruction No. 17, which includes an instruction on omission, in lieu of the

defendants' proposed instruction.

**Defendants' Proposed Instruction No. 15 (DEFINITION: "Fraud or deceit")**

*With respect to the phrase "act, practice, or course of business, that operated or would operate as a fraud or deceit on any person," you are instructed that "**fraud or deceit**" means a lie or a trick. A fraud or deceit doesn't have to relate to an investment's quality or actually result in the offer of a security or the purchase or sale of any security. It's not necessary that the defendant that was allegedly involved in the fraud or deceit sold or purchased securities personally if the fraudulent or deceitful conduct defrauded someone else.*

<u>**SEC's Objections**</u>:

The SEC objects to the proposed instruction as materially incomplete because it fails to explain the phrase "would operate as." The entire phrase "would operate as a fraud or deceit" means that the acts, practices, or courses of business could have succeeded in defrauding someone even if they did not actually succeed in defrauding that person. The defendants' proposed instruction does not include that explanation and is therefore misleading and would confuse the jury. *See, e.g., SEC v. BankAtlantic Bancorp, Inc.*, 12-cv-60082 (S.D. Fla. 2014), Jury Instructions (Dckt. No. 414), at 17 ("A 'fraud or deceit' means a lie or a trick. A fraud or deceit doesn't have to relate to an investment's quality or actually result in the purchase or sale of any security... . The term 'would' in the phrase 'would operate as a fraud or deceit' means that the act, practice, or course of business had the capacity to defraud a purchaser or seller. It's not necessary that the act, practice, or course of business actually defrauded someone.").

**Defendants' Proposed Instruction No. 16 (DEFINITION: "Instrumentality of interstate commerce")**

*The term "**instrumentality of interstate commerce**," as used in these Instructions means the use of the mails, telephone, Internet, or some other form of electronic communication, or an interstate delivery system such as Federal Express or UPS, or a facility of a national securities exchange such as the New York Stock Exchange or NASDAQ. It's not necessary that the facility of a national securities exchange was the means by which the defendant used a device, scheme, or artifice to defraud someone. It's only necessary that the facility was used in some phase of the transaction.*

**SEC's Objections**:

The SEC objects to the proposed instruction for the following reasons:

***First***, the defendants' interstate commerce instruction leaves out a number of important points, including that it is not necessary that defendant be directly or personally involved in any mailing, telephone calls, or internet communications. The defendants also leave out the additional instruction that the interstate commerce element may be met where its use can be reasonably foreseen under the circumstances. This instruction is therefore misleading and will confuse the jury.

***Second***, as there does not appear to be any dispute that the interstate commerce requirement has been satisfied in this case, this element should not be an issue in this case. If such an instruction is required, however, this Court should adopt the SEC's Proposed Instruction No. 21.

**Defendants' Proposed Instruction No. 17 (DEFINITION: "Material")**

*A statement or omission of fact is "**material**," as used in Instruction _____, if there is a substantial likelihood that a reasonable investor under the circumstances would consider it important in making an investment decision and would view it as having significantly altered the total mix of available information.*

*Whether a fact stated or omitted is material is determined in light of the circumstances existing at the time the statement or omission occurred.*

**SEC's Objections**

The SEC objects to the proposed instruction as materially incomplete because it fails to explain that the question of materiality is an objective test, involving the significance of the misrepresentation or omitted fact to a reasonable investor. *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 445 (1976) ("The question of materiality, it is universally agreed, is an objective one."); *Basic v. Levinson*, 485 U.S. 224, 240 (1988) ("materiality depends on the significance a reasonable investor would place on the . . . information at issue"). The SEC is not required to show that the omitted information would in fact have caused the School Boards to change their conduct. The instruction fails to explain this important legal principle.

The defendants' proposed instruction also does not explain that a material fact does not need to be so important that it "would have caused the reasonable investor to change his vote." *See TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976). Instead, a statement only needs to be important enough that it "would have assumed actual significance in the deliberations." *Id.*; *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 162 (2d Cir. 2000) (holding that plaintiff need not prove that victims "would have acted differently if an accurate disclosure was made"). "[T]o be material, a fact need not be outcome-determinative – that is, it need not be important enough that it would necessarily cause a reasonable investor to change his investment decision." *SEC v. City of Miami, Florida*, 988 F. Supp. 2d 1343, 1357 (E.D. Fla. 2013); *see also*

*SEC v. Meltzer*, 440 F. Supp. 2d 179, 190 (E.D.N.Y. 2006) (same); *SEC v. Siebel Sys., Inc.*, 384 F. Supp. 2d 694, 703 (S.D.N.Y. 2005); *Folger Adam Co. v. PMI Indus., Inc.*, 938 F.2d 1529, 1533 (2d Cir. 1991) ("[I]t is well-established that a material fact need not be outcome-determinative.").

**Defendants' Proposed Instruction No. 18 (DEFINITION: "State of Mind")**

*"**Intent to defraud**" in the context of the securities laws means to act intentionally and deliberately with an intent to deceive. A defendant does not act intentionally and deliberately with an intent to deceive if the defendant acted inadvertently, carelessly, or by mistake.*

*"**Reckless disregard for the truth**" means an extreme departure from the standards of ordinary care, which presents a danger of misleading buyers or sellers. The danger of misleading buyers or sellers must either be known to the defendant or be so obvious that the defendant must have been aware of it. Reckless disregard for the truth is quite different from negligence. Where a defendant unwittingly passes along information that is false, the defendant does not act with reckless disregard for the truth. This is true even if the defendant should have known that the information was false.*

## SEC's Objections

The SEC objects to the proposed instruction for the following reasons:

*First,* the SEC objects to the defendants' proposed definition of "state of mind" insofar as it does not include all the possible relevant states of mind. The *scienter* requirement of Section 10(b) and Rule 10b-5 is not met *only* by an "intent to defraud." Rather, it includes "the intent to deceive, manipulate, or defraud."

*Second,* the SEC objects to the final two sentences of the defendants' definition of recklessness. It is not the case that defendants would be immune from a finding of recklessness if they "unwittingly" passed along false information. As a broker-dealer, Stifel is held to a "more exacting" standard of care when it comes to passing along information. *SEC v. Randy*, 38 F. Supp. 2d 657, 670 (N.D. Ill. 1999). A broker-dealer "cannot recommend a security unless there is an adequate and reasonable basis for such recommendation." *Hanly v. SEC*, 415 F.2d 589, 597 (2d Cir. 1969). The "standards . . . are strict." *Id.* "A broker-dealer owes a special duty of fair dealing to his clients that requires him to fully investigate the securities he recommends so that he 'has an adequate basis for the opinions he renders.'" *Randy*, 38 F. Supp. 2d at 670 (citation omitted); *see also SEC v. Platinum Inv. Corp.*, 2006 WL 2707319, at *3

(S.D.N.Y. 2006) ("when recommending specific securities, a broker has **a duty to do some independent investigation** and **cannot rely solely on the materials submitted by the issuer** or given to him by his employer.") (emphasis added); *SEC v. Hasho*, 784 F. Supp. 1059, 1107-08 (S.D.N.Y. 1992); *SEC v. Milan Capital Group, Inc.*, 2000 WL 1682761, at *5 (S.D.N.Y. 2000); *SEC v. Current Financial Services, Inc.*, 100 F. Supp. 2d 1, 7 (D.D.C. 2000); *SEC v. Great Lakes Equities Co.*, 1990 WL 260587, at *7 (E.D. Mich. 1990).

Accordingly, this Court should adopt the SEC's Proposed Instruction No. 22, which includes an instruction on the defendants' state of mind, in lieu of the defendants' proposed instruction.

**Defendants' Proposed Instruction No. 19 (Written Trumps Oral)**

*You are instructed that when an oral statement contradicts an understandable, written disclosure, that oral statement cannot be material.*

<u>**SEC's Objections**</u>

The SEC objects to the proposed instruction for the following reasons:

*First*, the proposed instruction is erroneous because it misstates the law. The Seventh Circuit has not adopted a rigid, documents-always-prevail approach. As this Court has recognized, the contradiction between oral and written statements must be stark – meaning a conflict between "X" and "not-X." *See* Dckt. No. 28 at 21 ("The contradiction must be on point: a conflict between "X" and "not-X," such as the difference between a written document saying 'this is a risky investment' and an oral statement by the person handing out the document that 'this is a safe investment.'") (citing *Carr v. Cigna Sec., Inc.*, 95 F.3d 544, 547 (7th Cir. 1996)). Documents only trump oral statements when they "unambiguously" cover the same points –and "unambiguously" is "an important qualification." *Associates in Adolescent Psychiatry, S.C. v. Home Life Ins. Co.*, 941 F.2d 561, 571 (7th Cir. 1991); *Astor Chauffeured Limousine Co. v. Runnfeldt Investment Corp.*, 910 F.2d 1540, 1545 (7th Cir. 1990) ("A silent contract does not prevent action based on antecedent lie."); *Rowe v. Maremont Corp.*, 850 F.2d 1126, 1234 n. 5 (7th Cir. 1988) (holding that materiality was a questions of fact because the "written agreement … did not contradict Maremont's representations"); *Vigortone AG Prods., Inc. v. PM AG Prods., Inc.*, 217 F. Supp. 2d 858, 865 (N.D. Ill. 2001) (holding that oral misrepresentations were actionable because the agreement did not "explicitly contradict the alleged oral misrepresentations"); *Man Rolan Inc. v. Quantum Color Corp.*, 57 F. Supp. 2d 576, 585 (N.D. Ill.) (same); *Lockrey v. Leavitt Tube Employees' Profit Sharing Plan*, 766 F. Supp. 1510, 1518 (N.D. Ill. 1991) (same).

Boilerplate warnings and disclosures cannot shield a defendant from liability. For example, in *Pommer*, the Seventh Circuit gave no weight to a two-page document that stated a company's assets "has only speculative value" and "may prove to be totally worthless." *Pommer v. Medtest Corp.*, 961 F.2d 620, 624 (7th Cir. 1992). The Seventh Circuit rejected this "boilerplate warning," explaining that such "generic warnings do not enlighten investors" and "do nothing to disabuse an Investor influenced by false oral statements." *Id. See also SEC v. Tecumseh Holdings Corp.*, 765 F. Supp. 2d 340, 353-54 (S.D.N.Y. 2011) (holding that "generic warnings" did not "adequately caution that Tecumseh's profit projections were entirely divorced from reality").

Moreover, a disclosure may not be "too obscure to find," buried within a large, complicated document. *Acme Propane*, *v. Tenexco, Inc.*, 844 F.2d 1317, 1323 (7th Cir. 1988). *See also Carr*, 95 F.3d at 547.

**Second**, this instruction is misleading in that it does not apply to defendants' oral statements that will be presented to the jury via video or audio recording. One of the animating concerns of the Seventh Circuit is that oral statements are less reliable than written words. *See, e.g., Carr*, 95 F.3d at 547 (referring to "plausible liars"); *Associates in Adolescent Psychiatry*, 941 F.2d at 571 (referring to "misremembered, or invented" oral statements); *Pommer*, 961 F.2d at 624 ("Memories may play tricks . . . [but] writings are available for inspection."). In *Carr* – which the defendants cite for this instruction – the Seventh Circuit was speaking about an oral "**unrecorded** conversation." *Carr*, 95 F.3d at 547 (emphasis added). That concern does not apply here to those of the defendants' statements that were, in fact, recorded by audio or video tape. Accordingly, any instruction that a written statement would render recorded oral statements immaterial would be inaccurate and misleading.

***Third***, the Court has already resolved this issue and ruled against the defendants on the motion to dismiss.

Accordingly, this Court should reject Defendants Proposed Instruction No. 19. Any potentially relevant information for the jury about purportedly inconsistent oral and written statements will be adequately covered by Joint Proposed Instruction No. 8, which relates to the weighing of evidence.

Case 2:11-cv-00755-JPS   Filed 08/24/16   Page 30 of 79   Document 318-33

**Defendants' Proposed Instruction No. 20 ("Good Faith")**

*As I will instruct you in more detail in a minute, in order for the SEC must prove a claim under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, the SEC must prove beyond a preponderance of the evidence that the defendant acted with intent to defraud or a reckless disregard for the truth. The SEC cannot establish an intent to defraud or a reckless disregard for the truth if the defendant acted in **Good Faith**. One who expresses an opinion honestly or states a fact honestly believed to be true does not act with intent to defraud or a reckless disregard for the truth. This is true regardless of how inaccurate the statements may turn out to be. If the defendant believed in good faith that the defendant was acting properly, even if the defendant was mistaken in that belief, and even if others were injured by the conduct, there is no violation of the securities laws.*

*You are to consider a defendant's good faith subjectively, from the perspective of the individual defendant. It is possible for a defendant to disregard a danger that would be obvious to the ordinary or reasonable person and still act in good faith or reckless disregard for the truth. In such instances, the defendant's subjective good faith precludes a finding of any violation of the securities laws.*

*It is the SEC's burden to prove intent to defraud by a preponderance of the evidence. It is not defendant' burden to disprove intent to defraud or reckless disregard for the truth.*

**SEC's Objections**

The SEC objects to the proposed instruction for the following reasons:

The instruction about "good faith" is legally erroneous, unnecessary, and confusing. There is no statutory foothold for a separate element of good faith. The pertinent sections of the Exchange Act and the Securities Act do not include any mention of "good faith." Instead, the statutes contemplate *scienter*, and *scienter* is already covered by other instructions.

The defendants' proposed instructions suggest that the jury should find for the defendants if they find "good faith," even if the SEC has proven all of the elements of the claims. For example, defendants' proposed instruction no. 22 reads: *"If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that Stifel acted in "Good Faith," as that phrase is defined in Instruction_____, then you must find Stifel not liable under Section 10(b) and Rule 10b-5."*

That is not the law.  If the jury finds that the SEC has proven all of the elements by a preponderance of the evidence, then the jury should find for the SEC because it has met its burden of proof.  There is no "good faith" requirement or defense, above and beyond the elements of the claims.  But the defendants' proposed instructions mention "good faith" 54 times.

The defendants' proposed instruction is legally erroneous because it would impose the lack of "good faith" as an additional element, above and beyond *scienter*.  No such requirement exists.  It is sufficient if the SEC proves that the defendants acted knowingly or recklessly.  Adding "good faith" into the mix would create confusion, and insert a concept that does not belong.

Put another way, the defendants' proposed instruction is inaccurate, misleading and confusing because it attempts to add a layer of gloss on *scienter*, by introducing the concept of good faith (without guidance).  It is an amorphous, undefined concept.  If it simply means a lack of knowledge or recklessness, then it is unnecessary; if it means something else, then it is inaccurate.  It is enough to simply instruct the jury on what it means to act knowingly or recklessly.

"Good faith" is not a viable defense where, as here, liability under the statute is predicated on a finding of reckless or intentional conduct.  *Sundstrand Corp. v. Sun Chemical Corp.,* 553 F.2d 1033, 1045 n.17 (7th Cir.) ("[G]ood faith is not appropriate as a defense to reckless or intentional conduct."), *cert denied,* 434 U.S. 875 (1977).   An honest belief is not a defense if the defendant acted intentionally or recklessly.  Even if the defendants supposedly held a "good faith" belief that the investments were sound, "they may still be liable for securities fraud if their belief was based upon nothing more than a reckless disregard of the truth." *SEC v.*

*Infinity Group Co.*, 212 F.3d 180, 192-93 (3d Cir. 2000) ("A good faith belief is not a 'get out of jail free card' … and will not insulate the defendants from liability [for civil securities fraud] if it is the result of reckless conduct."). *See also SEC v. Brincat*, 2001 WL 1662099, at *1 (N.D. Ill. Dec. 6, 2001). "[I]t will not suffice for Defendants to show that they had a good faith belief in the truth of their statements if [Plaintiff] shows that Defendants were reckless in not knowing information that would prove those statements to have been false or misleading." *Shogen v. Global Aggressive Growth Fund, Ltd.*, 2007 WL 1237829, at *11 (D. N.J. Apr. 26, 2007). Put simply, "[a] subjective belief based on a reckless inquiry cannot be considered a 'good faith' belief." *CFTC v. Complete Developments, LLC*, 2014 WL 794181, at *16 (N.D. Ohio Feb. 26, 2014). Thus, if the jury finds the defendants acted recklessly, Section 10(b)'s *scienter* requirement has been met no matter how sincerely the defendants believed in the accuracy of their representations. The defendants' proffered instruction, however, squarely contradicts this well-settled and common sense principle. It turns the law on its head, instructing the jury that "the defendant's subjective good faith precludes a finding of any violation of the securities laws" *even if* the defendant acted with a "reckless disregard for the truth." In fact, the exact opposite is true.

The defendant's proposed "good faith" instruction should be rejected because it is legally incorrect – it requires the SEC to prove both the existence of *scienter* and the absence of good faith), it is confusing, and it will mislead the jury.

**Defendants' Proposed Instruction No. 22 (EXCHANGE ACT SECTION 10(b) and RULE 10b-5)**

*Your verdict must be for the Securities and Exchange Commission and against Defendant Stifel Nicolaus & Company, Incorporated on the claim for violation of section 10(b) of the Exchange Act and Rule 10b-5 thereunder if you find that the SEC proved each of the following elements by a preponderance of the evidence:*

> *FIRST ELEMENT:       that Stifel did any one or more of the following:*
>
> > *(i) employed a device, scheme, or artifice to defraud; or*
> >
> > *(ii) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading; or*
> >
> > *(iii) engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person;*
>
> > ***and***
>
> *SECOND ELEMENT:       that Stifel acted with intent to defraud or with reckless disregard for the truth;*
>
> > ***and***
>
> *THIRD ELEMENT:       that Stifel's conduct was in connection with the purchase or sale of a security;*
>
> > ***and***
>
> *FOURTH ELEMENT:       that Stifel used or caused to be used the mails or means and instrumentalities of interstate commerce.*

*If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that Stifel acted in "Good Faith," as that phrase is defined in Instruction _____, then you must find Stifel not liable under Section 10(b) and Rule 10b-5.*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ____ and ___.*

**SEC's Objections**

The SEC objects to the proposed instruction for the following reasons:

***First***, the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Second**, this instruction is unnecessarily complicated and will unduly confuse the jury. There is no need to instruct the jurors on elements of this claim that have not been, and cannot be disputed. As explained above, there is no real dispute that Stifel's conduct was in the offer or sale of a security. Accordingly, these instructions can be streamlined without sacrificing any substance. Similarly, there is no legitimate dispute that Stifel obtained money by means of their conduct. Finally, there is no legitimate dispute that Stifel used or caused to be used the mails or means of interstate commerce. These three elements should not be included in the jury instructions.

**Third**, the SEC objects to the defendants' misrepresentation of the *scienter* element of Section 10(b) of the Exchange Act. Defendants frame the question as whether Stifel acted "with intent to defraud or with reckless disregard for the truth." This is under-inclusive of the mental states that are compatible with a finding of *scienter*. It would be more appropriate to ask whether Stifel acted with "intent to *deceive, manipulate, or* defraud."

**Defendants' Proposed Instruction No. 23 (EXCHANGE ACT SECTION 10(b) and RULE 10b-5)**

*Your verdict must be for Stifel Nicolaus & Company, Incorporated and against the Securities and Exchange Commission and against on the claim for violation of section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 thereunder if you find that:*

*Stifel did not engage in any of the following:*

> *(i) employed a device, scheme, or artifice to defraud; or*

> *(ii) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading; or*

> *(iii) engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person.*

***or if you find that:***

*Stifel neither acted with an intent to defraud nor with reckless disregard for the truth.*

***or if you find that:***

*Stifel's conduct was not in connection with the purchase or sale of a security.*

***or if you find that:***

*Stifel did not use or cause to be used the mails or means and instrumentalities of interstate commerce in connection with its alleged actions;*

***or you find that***

*Stifel acted in in "Good Faith," as that phrase is defined in Instruction _____.*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.*


**SEC's Objections**

The SEC objects to the proposed instruction for the following reasons:

***First***, the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons

described in its objection to Defendants' Proposed Instruction No. 20 above.

***Second***, this question is substantively identical to the prior instruction, and therefore it serves no purpose.  It may confuse the jury, as it suggests that Stifel has an obligation to prove these affirmative points.

***Third***, this instruction is unnecessarily complicated.  There is no need to instruct the jurors on elements of this claim that have not been, and cannot be disputed.  As explained above, there is no real dispute that Stifel's conduct was in the offer or sale of a security.  Accordingly, these instructions can be streamlined without sacrificing any substance.  Similarly, there is no legitimate dispute that Stifel obtained money by means of their conduct.  Finally, there is no legitimate dispute that Stifel used or caused to be used the mails or means of interstate commerce.  These three elements should not be included in the jury instructions.

***Fourth***, the SEC objects to the defendants' misrepresentation of the *scienter* element of Section 10(b) of the Exchange Act.  Defendants frame the question as whether Stifel acted "with intent to defraud or with reckless disregard for the truth."  This is under-inclusive of the mental states that are compatible with a finding of *scienter*.  It would be more appropriate to ask whether Stifel acted with "intent to ***deceive, manipulate, or*** defraud."

**Defendants' Proposed Instruction No. 25 (EXCHANGE ACT SECTION 10(b) and RULE 10b-5)**

*Your verdict must be for the Securities and Exchange Commission and against Defendant David Noack on the claim for violation of section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 thereunder if you find that the SEC proved each of the following elements by a preponderance of the evidence:*

FIRST ELEMENT: *that David Noack did any one or more of the following:*

*(i) employed a device, scheme, or artifice to defraud; or*

*(ii) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading; or*

*(iii) engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person;*

***and***

SECOND ELEMENT: *that David Noack acted with intent to defraud or with reckless disregard for the truth;*

***and***

THIRD ELEMENT: *that David Noack's conduct was in connection with the purchase or sale of a security;*

***and***

FOURTH ELEMENT: *that David Noack used or caused to be used the mails or means and instrumentalities of interstate commerce.*

*If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or if you find that David Noack acted in "Good Faith," as that phrase is defined in Instruction _____, then you must find David Noack not liable under Section 10(b) and Rule 10b-5.*

*In applying this Instruction, refer to the definitions that I gave you in Instructions _____ and _____.*

## SEC's Objections

The SEC objects to the proposed instruction for the following reasons:

***First***, the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Second**, this instruction is unnecessarily complicated.  There is no need to instruct the jurors on elements of this claim that have not been, and cannot be disputed.  As explained above, there is no real dispute that Stifel's conduct was in the offer or sale of a security.  Accordingly, these instructions can be streamlined without sacrificing any substance.  Similarly, there is no legitimate dispute that Stifel obtained money by means of their conduct.  Finally, there is no legitimate dispute that Stifel used or caused to be used the mails or means of interstate commerce.  These three elements should not be included in the jury instructions.

**Third**, the SEC objects to the defendants' misrepresentation of the *scienter* element of Section 10(b) of the Exchange Act.  Defendants frame the question as whether Stifel acted "with intent to defraud or with reckless disregard for the truth."  This is under-inclusive of the mental states that are compatible with a finding of *scienter*.  It would be more appropriate to ask whether Stifel acted with "intent to *deceive, manipulate, or* defraud."

Case 2:11-cv-00755-JPS   Filed 08/24/16   Page 39 of 79   Document 318-33

**Defendants' Proposed Instruction No. 26 (EXCHANGE ACT SECTION 10(b) and RULE 10b-5)**

*Your verdict must be for David Noack and against the Securities and Exchange Commission and against on the claim for violation of section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 thereunder if you find by a preponderance of the evidence that:*

*David Noack did not engage in any of the following:*

> *(i) employed a device, scheme, or artifice to defraud; or*

> *(ii) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading; or*

> *(iii) engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person.*

> ***or if you find that:***

*David Noack neither acted with an intent to defraud nor with reckless disregard for the truth.*

> ***or if you find that:***

*David Noack's conduct was not in connection with the purchase or sale of a security.*

> ***or if you find that:***

*David Noack did not use or cause to be used the mails or means and instrumentalities of interstate commerce in connection with its alleged actions;*

> ***or you find that:***

*David Noack acted in "Good Faith," as that phrase is defined in Instruction _____.*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.*


**SEC's Objections**

The SEC objects to the proposed instruction for the following reasons:

***First***, the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Second**, this question is substantively identical to the prior instruction, and therefore it serves no purpose. It may confuse the jury, as it suggests that Stifel has an obligation to prove these affirmative points.

**Third**, this instruction is unnecessarily complicated. There is no need to instruct the jurors on elements of this claim that have not been, and cannot be disputed. As explained above, there is no real dispute that Stifel's conduct was in the offer or sale of a security. Accordingly, these instructions can be streamlined without sacrificing any substance. Similarly, there is no legitimate dispute that Stifel obtained money by means of their conduct. Finally, there is no legitimate dispute that Stifel used or caused to be used the mails or means of interstate commerce. These three elements should not be included in the jury instructions.

**Fourth**, the SEC objects to the defendants' misrepresentation of the *scienter* element of Section 10(b) of the Exchange Act. Defendants frame the question as whether Stifel acted "with intent to defraud or with reckless disregard for the truth." This is under-inclusive of the mental states that are compatible with a finding of *scienter*. It would be more appropriate to ask whether Stifel acted with "intent to **deceive, manipulate, or** defraud."

**Defendants' Proposed Instruction No. 27 (DEFINITION: "In the offer or sale of a security")**

In considering the claims brought by the Securities and Exchange Commission under Section 17(a) of the Securities Act of 1933, you are instructed that Section 17(a) requires a showing that the any alleged untrue statement or omission was "in the offer or sale" of a security. This is different and narrower than the standard set forth above in connection with claims brought under Section 10b of the Exchange Act and Rule 10b-5, where the standard is "in connection with the offer or sale of a security."

The "offer" of a security under Section 17 is any attempt or offer to dispose of, or solicitation of any offer to buy, a security or interest in a security. To be an "offer" of a security, there must be an investment product that could actually be presented to an investor for consideration.

A "sale" of a security under Section 17 is any contract for sale or disposition of a security a security.

To be "in" the offer or sale of a security, there must be a connection between the alleged untrue statements or omissions and the sale of the security at issue.


**SEC's Objections:**

The SEC objects to the proposed instruction for the following reasons:

*First*, the SEC submits that it is unnecessary, in this case, for the jury to make a determination about this element on this claim. It cannot be – and, throughout the pendency of this case – it has not been disputed that the transactions in question were "in the offer or sale" of a security. To go through the exercise of instructing the jury on this definition would inject confusion for no legitimate purpose, particularly in light of the defendants' confusing and inaccurate characterizations of the applicable law.

*Second*, the SEC objects to the defendants' characterization of this element as "different and narrower than" the "in connection with" standard used for Section 10b of the Exchange Act. This idea was rejected by the Supreme Court in *United States v. Naftalin*, 441 U.S. 768 (1979) ("[W]e are not necessarily persuaded that 'in' is narrower than 'in connection with.' Both

Congress and this Court have on occasion used the terms interchangeably.") (citing H.R.Rep. No. 85, 73d Cong., 1st Sess., 6 (1933); *Superintendent of Insurance v. Bankers Life & Cas. Co.,* 404 U. S. 6, 404 U. S. 10 (1971)).  The case cited by defendants does not hold otherwise.  In fact, *Keene Corp. v. United States* was not even a securities law case.

**Defendants' Proposed Instruction No. 28 (DEFINITION: "By means of")**

*As used in these instructions, the phrase "**by means of**" means that the alleged untrue statement or omission is the mechanism that naturally induces the investor to part with money in the investor's control.*

**SEC's Objections:**

The SEC objects to the proposed instruction on the grounds that this proposed definition applies to the criminal bank fraud statute, and not the applicable section of the Securities Act. *See Loughrin v. United States*, 134 S.Ct. 2384, 2394 (2014). There is no specialized meaning of "by means of" that applies to the securities laws, and it is not necessary to provide the jury with a definition of such a commonly-used term.

**Defendants' Proposed Instruction No. 29 (DEFINITION: "Negligent")**

*The term "**negligent**" refers to the failure to do what a reasonably careful and prudent person would have done under the same or like circumstances, or the failure to take some action that a reasonably careful and prudent person would not have taken under the same or like circumstances*

<u>**SEC's Objections:**</u>

The SEC objects to the proposed instruction for the following reasons:

*First*, the defendants' definition appears to include a substantive typo. The SEC assumes that the defendants meant to write, in the second clause of their definition, "*or the failure to take some action that a reasonably careful and prudent person would have taken under the same or like circumstances*." The addition of an extra "not" in between "person" and "would" causes the definition to have the opposite meaning.

*Second*, this definition of negligence is too simple. It omits certain information that would help the jury to understand the appropriate standard. Both the SEC's proposed instruction on the definition of negligence and the definition in *SEC v. Grubbs* (which the defendants cite affirmatively for their definition) include further information applying the negligence standard to the claims at issue. *See* SEC Proposed Jury Instruction No. 24 ("In determining whether the defendants were negligent, you may consider whether they exercised reasonable care in obtaining and communicating information, and whether they undertook appropriate investigation before making statements."); *SEC v. Grubbs*, No. 1:02-cv-1118 (S.D. IN) (Dckt. No. 269) ("Reasonable and ordinary care is that care which reasonably prudent persons exercise in providing information to potential investors about a security for sale.").

**Defendants' Proposed Instruction No. 31 (SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933)**

*Your verdict must be for the Securities and Exchange Commission and against Defendant Stifel Nicolaus & Company, Incorporated on the claim for violation of Section 17(a)(1) of the Securities Act of 1933, if you find that the SEC proved each of the following elements by a preponderance:*

FIRST:    *that Stifel employed a device, scheme, or artifice to defraud;*

**and**

SECOND:    *that Stifel's conduct, as described in paragraph First, was in the offer or sale of a security;*

**and**

THIRD:    *that Stifel obtained money by means of the conduct describe in paragraph First;*

**and**

FOURTH:    *that Stifel acted as described in paragraph First with intent to defraud or with reckless disregard for the truth;*

**and**

FIFTH:    *that Stifel used or caused to be used the mails or means and instrumentalities of interstate commerce.*

*If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that Stifel acted in "Good Faith," as that phrase is defined in Instruction ____, then you must find Stifel not liable under Section 17(a)(1).*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.*


**SEC's Objections:**

The SEC objects to the proposed instruction for the following reasons:

**First**, the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Second**, this instruction is unnecessarily complicated. There is no need to instruct the jurors on elements of this claim that have not been, and cannot be disputed. As explained above, there is no real dispute that Stifel's conduct was in the offer or sale of a security. Accordingly, these instructions can be streamlined without sacrificing any substance. Similarly, there is no legitimate dispute that Stifel obtained money by means of their conduct. Finally, there is no legitimate dispute that Stifel used or caused to be used the mails or means of interstate commerce. These three elements should not be included in the jury instructions.

**Third**, the SEC objects to the defendants' misrepresentation of the *scienter* element of Section 17(a) of the Securities Act. Defendants frame the question as whether Stifel acted "with intent to defraud or with reckless disregard for the truth." This is under-inclusive of the mental states that are compatible with a finding of *scienter*. It would be more appropriate to ask whether Stifel acted with "intent to **deceive, manipulate, or** defraud."

**Defendants' Proposed Instruction No. 32 (SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933)**

*Your verdict must be for Stifel Nicolaus & Company, Incorporated and against the Securities and Exchange Commission on the claim for violation of Section 17(a)(1) of the Securities Act of 1933, if you find that:*

*Stifel did not employ a device, scheme, or artifice to defraud;*

**or you find that:**

*Stifel's alleged conduct did not occur in the offer or sale of a security;*

**or you find that:**

*Stifel did not act with intent to defraud or with reckless disregard for the truth;*

**or you find that:**

*Stifel did not use or cause to be used the mails or means and instrumentalities of interstate commerce;*

**or you find that:**

*Stifel acted in "Good Faith," as that phrase is defined in Instruction _____.*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.*


**SEC's Objections:**

The SEC objects to the proposed instruction for the following reasons:

**First**, this question is substantively identical to the prior instruction, and therefore it serves no purpose. It may confuse the jury, as it suggests that Stifel has an obligation to prove these affirmative points.

**Second,** the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Third,** this instruction is unnecessarily complicated. There is no need to instruct the jurors on elements of this claim that have not been, and cannot be disputed. As explained above, there is no real dispute that Stifel's conduct was in the offer or sale of a security. Accordingly,

these instructions can be streamlined without sacrificing any substance. Similarly, there is no legitimate dispute that Stifel obtained money by means of their conduct. Finally, there is no legitimate dispute that Stifel used or caused to be used the mails or means of interstate commerce. These three elements should not be included in the jury instructions.

**Fourth**, the SEC objects to the defendants' misrepresentation of the *scienter* element of Section 17(a) of the Securities Act. Defendants frame the question as whether Stifel acted "with intent to defraud or with reckless disregard for the truth." This is under-inclusive of the mental states that are compatible with a finding of *scienter*. It would be more appropriate to ask whether Stifel acted with "intent to ***deceive, manipulate, or*** defraud."

**Defendants' Proposed Instruction No. 34 (SECTION 17(a)(2) OF THE SECURITIES ACT OF 1933)**

Your verdict must be for the Securities and Exchange Commission and against Defendant Stifel Nicolaus & Company, Incorporated on the claim for violation of Section 17(a)(2) of the Securities Act of 1933, if you find that the SEC proved each of the following elements by a preponderance of the evidence:

FIRST:  that Stifel directly or indirectly made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading;

**and**

SECOND:  that Stifel's conduct, as described in paragraph First, was in the offer or sale of a security;

**and**

THIRD:  that Stifel obtained money by means of the conduct describe in paragraph First;

**and**

FOURTH:  that Stifel's actions as described in paragraph First were negligent;

**and**

FIFTH:  that Stifel used or caused to be used the mails or means and instrumentalities of interstate commerce.

If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that Stifel acted in "Good Faith," as that phrase is defined in Instruction _____, then you must find Stifel not liable under Section 17(a)(2).

In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.


**SEC's Objections:**

The SEC objects to the proposed instruction for the following reasons:

***First***, the first instruction includes a grammatical error that renders the instruction

unnecessarily more difficult to understand.

**Second,** the SEC objects to the use of negligence, but not knowledge or recklessness, in the fourth item. Negligence is sufficient for Section 17(a)(2), but so are knowledge and recklessness. *See Aaron v. SEC*, 446 U.S. 680, 696-97 (1980).

**Third,** this instruction is unnecessarily complicated. There is no need to instruct the jurors on elements of this claim that have not been, and cannot be disputed. As explained above, there is no real dispute that Stifel's conduct was in the offer or sale of a security. Accordingly, these instructions can be streamlined without sacrificing any substance. Similarly, there is no legitimate dispute that Stifel obtained money by means of their conduct. Finally, there is no legitimate dispute that Stifel used or caused to be used the mails or means of interstate commerce. These three elements should not be included in the jury instructions.

**Fourth,** the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Fifth,** the SEC objects to the defendants' misrepresentation of the *scienter* element of Section 17(a) of the Securities Act. Defendants frame the question as whether Stifel acted "with intent to defraud or with reckless disregard for the truth." This is under-inclusive of the mental states that are compatible with a finding of *scienter*. It would be more appropriate to ask whether Stifel acted with "intent to *deceive, manipulate, or* defraud."

**Defendants' Proposed Instruction No. 35 (SECTION 17(a)(2) OF THE SECURITIES ACT OF 1933)**

*Your verdict must be for Stifel Nicolaus & Company, Incorporated and against the Securities and Exchange Commission on the claim for violation of Section 17(a)(2) of the Securities Act of 1933, if you find that:*

*Stifel did not either directly or indirectly make an untrue statement of a material fact or omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading;*

**or you find that:**

*Stifel's alleged conduct did not occur in the offer or sale of a security;*

**or you find that:**

*Stifel was not negligent;*

**or you find that:**

*Stifel did not use or cause to be used the mails or means and instrumentalities of interstate commerce;*

**or you find that:**

*Stifel acted in "Good Faith," as that phrase is defined in Instruction ____.*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.*


**SEC's Objections:**

The SEC objects to the proposed instruction for the following reasons:

**First**, this question is substantively identical to the prior instruction, and therefore it serves no purpose.  It may confuse the jury, as it suggests that Stifel has an obligation to prove these affirmative points.

**Second**, the first instruction includes a grammatical error that renders the instruction unnecessarily more difficult to understand.

**Third,** the SEC objects to the use of negligence but not knowledge or recklessness in the fourth item. Negligence is sufficient for Section 17(a)(2), but so are knowledge and recklessness. *See Aaron v. SEC*, 446 U.S. 680, 696-97 (1980).

**Fourth,** this instruction is unnecessarily complicated. There is no need to instruct the jurors on elements of this claim that have not been, and cannot be disputed. As explained above, there is no real dispute that Stifel's conduct was in the offer or sale of a security. Accordingly, these instructions can be streamlined without sacrificing any substance. Similarly, there is no legitimate dispute that Stifel obtained money by means of their conduct. Finally, there is no legitimate dispute that Stifel used or caused to be used the mails or means of interstate commerce. These three elements should not be included in the jury instructions.

**Fifth,** the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Defendants' Proposed Instruction No. 37 (SECTION 17(a)(3) OF THE SECURITIES ACT OF 1933)**

*Your verdict must be for the Securities and Exchange Commission and against Defendant Stifel Nicolaus & Company, Incorporated on the claim for violation of Section 17(a)(3) of the Securities Act of 1933, if you find that the SEC proved each of the following elements by a preponderance of the evidence:*

*FIRST:        that Stifel engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person;*

***and***

*SECOND:        that Stifel's conduct, as described in paragraph First, was in the offer or sale of a security;*

***and***

*THIRD:        that Stifel obtained money by means of the conduct describe in paragraph First;*

***and***

*FOURTH:        that Stifel's actions as described in paragraph First were negligent;*

***and***

*FIFTH:        that Stifel used or caused to be used the mails or means and instrumentalities of interstate commerce.*

*If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that Stifel acted in "Good Faith," as that phrase is defined in Instruction _____, then you must find Stifel not liable under Section 17(a)(3).*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.*


**SEC's Objections:**

The SEC objects to the proposed instruction for the following reasons:

***First***, the defendants have misstated the statute. Section 17(a)(3) requires that Stifel engage in an act, practice, or course of business which would operate as a fraud or deceit upon any ***purchaser***, not "person," as the defendants have written. 15 U.S.C. § 77q(a)(3)

**Second**, the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Third,** the SEC objects to the use of negligence but not knowledge or recklessness in the fourth item. Negligence is sufficient for Section 17(a)(2), but so are knowledge and recklessness. *See Aaron v. SEC*, 446 U.S. 680, 696-97 (1980).

**Fourth,** this instruction is unnecessarily complicated. There is no need to instruct the jurors on elements of this claim that have not been, and cannot be, disputed. As explained above, there is no real dispute that Stifel's conduct was in the offer or sale of a security. Accordingly, these instructions can be streamlined without sacrificing any substance. Similarly, there is no legitimate dispute that Stifel obtained money by means of their conduct. Finally, there is no legitimate dispute that Stifel used or caused to be used the mails or means of interstate commerce. These three elements should not be included in the jury instructions.

**Fifth,** the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Defendants' Proposed Instruction No. 38** (**SECTION 17(a)(3) OF THE SECURITIES ACT OF 1933**)

*Your verdict must be for Stifel Nicolaus & Company, Incorporated and against the Securities and Exchange Commission on the claim for violation of Section 17(a)(3) of the Securities Act of 1933, if you find that:*

*Stifel did not engage in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person;*

***or you find that:***

*Stifel's alleged conduct did not occur in the offer or sale of a security;*

***or you find that:***

*Stifel was not negligent;*

***or you find that:***

*Stifel did not use or cause to be used the mails or means and instrumentalities of interstate commerce'*

***or you find that:***

*Stifel acted in "Good Faith," as that phrase is defined in Instruction _____.*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.*

## SEC's Objections:

The SEC objects to the proposed instruction for the following reasons:

**First**, this question is substantively identical to the prior instruction, and therefore it serves no purpose. It may confuse the jury, as it suggests that Stifel has an obligation to prove these affirmative points.

**Second**, the defendants have misstated the statute. Section 17(a)(3) requires that Stifel engage in an act, practice, or course of business which would operate as a fraud or deceit upon any **purchaser**, not "person," as the defendants have written. *See* 15 U.S.C. § 77q(a)(3).

**Third,** the SEC objects to the use of negligence but not knowledge or recklessness in the fourth item. Negligence is sufficient for Section 17(a)(2), but so are knowledge and recklessness. *See Aaron v. SEC*, 446 U.S. 680, 696-97 (1980).

**Fourth,** this instruction is unnecessarily complicated. There is no need to instruct the jurors on elements of this claim that have not been, and cannot be, disputed. As explained above, there is no real dispute that Stifel's conduct was in the offer or sale of a security. Accordingly, these instructions can be streamlined without sacrificing any substance. Similarly, there is no legitimate dispute that Stifel obtained money by means of their conduct. Finally, there is no legitimate dispute that Stifel used or caused to be used the mails or means of interstate commerce. These three elements should not be included in the jury instructions.

**Ffith,** the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Defendants' Proposed Instruction No. 40 (SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933)**

*Your verdict must be for the Securities and Exchange Commission and against Defendant David Noack on the claim for violation of Section 17(a)(1) of the Securities Act of 1933, if you find that the SEC proved each of the following elements by a preponderance of the evidence:*

U̲N̲D̲E̲R̲L̲I̲N̲E̲

F̲I̲R̲S̲T̲:         *that David Noack employed a device, scheme, or artifice to defraud;*

*and*

S̲E̲C̲O̲N̲D̲:        *that David Noack's conduct, as described in paragraph First, was in the offer or sale of a security;*

*and*

T̲H̲I̲R̲D̲:        *that David Noack obtained money by means of the conduct describe in paragraph First;*

*and*

F̲O̲U̲R̲T̲H̲:        *that David Noack acted as described in paragraph First with intent to defraud or with reckless disregard for the truth;*

*and*

F̲I̲F̲T̲H̲:        *that David Noack used or caused to be used the mails or means and instrumentalities of interstate commerce.*

*If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that David Noack acted in "Good Faith," as that phrase is defined in Instruction _____, then you must find David Noack not liable under Section 17(a)(1).*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.*

**SEC's Objections:**

The SEC objects to the proposed instruction for the following reasons:

***First,*** this instruction is unnecessarily complicated.  There is no need to instruct the jurors on elements of this claim that have not been, and cannot be, disputed.  As explained above, there is no real dispute that Noack's conduct was in the offer or sale of a security.  Similarly, there is no legitimate dispute that Noack obtained money by means of their conduct.  Finally, there is no

legitimate dispute that Noack used or caused to be used the mails or means of interstate commerce.  Accordingly, these instructions can be streamlined without sacrificing any substance. These three elements should not be included in the jury instructions.

*Second*, the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Defendants' Proposed Instruction No. 41 (SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933)**

*Your verdict must be for David Noack and against the Securities and Exchange Commission on the claim for violation of Section 17(a)(1) of the Securities Act of 1933, if you find that:*

*David Noack did not employ a device, scheme, or artifice to defraud;*

**or you find that:**

*David Noack's alleged conduct did not occur in the offer or sale of a security;*

**or you find that:**

*David Noack did not act with intent to defraud or with reckless disregard for the truth;*

**or you find that:**

*David Noack did not use or cause to be used the mails or means and instrumentalities of interstate commerce*

**or you find that:**

*David Noack acted in "Good Faith," as that phrase is defined in Instruction _____.*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.*

**SEC's Objections:**

The SEC objects to the proposed instruction for the following reasons:

***First***, this question is substantively identical to the prior instruction, and therefore it serves no purpose. It may confuse the jury, as it suggests that Stifel has an obligation to prove these affirmative points.

***Second***, this instruction is unnecessarily complicated. There is no need to instruct the jurors on elements of this claim that have not been, and cannot be, disputed. As explained above, there is no real dispute that Noack's conduct was in the offer or sale of a security. Similarly, there is no legitimate dispute that Noack obtained money by means of their conduct. Finally, there is no legitimate dispute that Noack used or caused to be used the mails or means of

interstate commerce.  Accordingly, these instructions can be streamlined without sacrificing any substance.  These three elements should not be included in the jury instructions.

*Third,* the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Defendants' Proposed Instruction No. 43 (SECTION 17(a)(2) OF THE SECURITIES ACT OF 1933)**

*Your verdict must be for the Securities and Exchange Commission and against Defendant David Noack on the claim for violation of Section 17(a)(2) of the Securities Act of 1933, if you find that the SEC proved each of the following elements by a preponderance of the evidence:*

*FIRST:*      *that David Noack directly or indirectly made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading;*

***and***

*SECOND:*      *that David Noack's conduct, as described in paragraph First, was in the offer or sale of a security;*

***and***

*THIRD:*      *that David Noack obtained money by means of the conduct describe in paragraph First;*

***and***

*FOURTH:*      *that David Noack's actions as described in paragraph First were negligent;*

***and***

*FIFTH:*      *that David Noack used or caused to be used the mails or means and instrumentalities of interstate commerce.*

*If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that David Noack acted in "Good Faith," as that phrase is defined in Instruction _____, then you must find David Noack not liable under Section 17(a)(2).*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.*


**SEC's Objections:**

The SEC objects to the proposed instruction for the following reasons:

***First***, the first instruction includes a grammatical error that renders the instruction

unnecessarily more difficult to understand.

**Second,** this instruction is unnecessarily complicated. There is no need to instruct the jurors on elements of this claim that have not been, and cannot be, disputed. As explained above, there is no real dispute that Noack's conduct was in the offer or sale of a security. Similarly, there is no legitimate dispute that Noack obtained money by means of their conduct. Finally, there is no legitimate dispute that Noack used or caused to be used the mails or means of interstate commerce. Accordingly, these instructions can be streamlined without sacrificing any substance. These three elements should not be included in the jury instructions.

**Third,** the SEC objects to the use of negligence but not knowledge or recklessness in the fourth item. Negligence is sufficient for Section 17(a)(2), but so are knowledge and recklessness. *See Aaron v. SEC*, 446 U.S. 680, 696-97 (1980).

**Fourth,** the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Defendants' Proposed Instruction No. 44 (SECTION 17(a)(2) OF THE SECURITIES ACT OF 1933)**

*Your verdict must be for David Noack and against the Securities and Exchange Commission on the claim for violation of Section 17(a)(2) of the Securities Act of 1933, if you find that:*

*David Noack did not either directly or indirectly make an untrue statement of a material fact or omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading;*

***or you find that:***

*David Noack's alleged conduct did not occur in the offer or sale of a security;*

***or you find that:***

*David Noack was not negligent;*

***or you find that:***

*David Noack did not use or cause to be used the mails or means and instrumentalities of interstate commerce*

***or you find that:***

*David Noack acted in "Good Faith," as that phrase is defined in Instruction _____.*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ____ and ____.*

**SEC's Objections:**

The SEC objects to the proposed instruction for the following reasons:

***First***, the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

***Second***, the first instruction includes a grammatical error that renders to instruction unnecessarily more difficult to understand.

**Third,** the SEC objects to the use of negligence but not knowledge or recklessness in the fourth item. Negligence is sufficient for Section 17(a)(2), but so are knowledge and recklessness. *See Aaron v. SEC*, 446 U.S. 680, 696-97 (1980).

**Fourth,** this instruction is unnecessarily complicated. There is no need to instruct the jurors on elements of this claim that have not been, and cannot be, disputed. As explained above, there is no real dispute that Noack's conduct was in the offer or sale of a security. Similarly, there is no legitimate dispute that Noack obtained money by means of their conduct. Finally, there is no legitimate dispute that Noack used or caused to be used the mails or means of interstate commerce. Accordingly, these instructions can be streamlined without sacrificing any substance. These three elements should not be included in the jury instructions.

**Defendants' Proposed Instruction No. 46 (SECTION 17(a)(3) OF THE SECURITIES ACT OF 1933)**

*Your verdict must be for the Securities and Exchange Commission and against Defendant David Noack on the claim for violation of Section 17(a)(3) of the Securities Act of 1933, if you find that the SEC proved each of the following elements by a preponderance of the evidence:*

<u>*FIRST*</u>: *that David Noack engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person;*

***and***

<u>*SECOND*</u>: *that David Noack's conduct, as described in paragraph First, was in the offer or sale of a security;*

***and***

<u>*THIRD*</u>: *that David Noack obtained money by means of the conduct describe in paragraph First;*

***and***

<u>*FOURTH*</u>: *that David Noack's actions as described in paragraph First were negligent;*

***and***

<u>*FIFTH*</u>: *that David Noack used or caused to be used the mails or means and instrumentalities of interstate commerce.*

*If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or you find that David Noack acted in "Good Faith," as that phrase is defined in Instruction _____, then you must find David Noack not liable under Section 17(a)(3).*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.*


**<u>SEC's Objections</u>:**

The SEC objects to the proposed instruction for the following reasons:

***First***, the defendants have misstated the statute. Section 17(a)(3) requires that Stifel engage in an act, practice, or course of business which would operate as a fraud or deceit upon any ***purchaser***, not "person," as the defendants have written. *See* 15 U.S.C. § 77q(a)(3).

**Second,** the SEC objects to the use of negligence but not knowledge or recklessness in the fourth item. Negligence is sufficient for Section 17(a)(2), but so are knowledge and recklessness. *See Aaron v. SEC*, 446 U.S. 680, 696-97 (1980).

**Third,** this instruction is unnecessarily complicated. There is no need to instruct the jurors on elements of this claim that have not been, and cannot be, disputed. As explained above, there is no real dispute that Noack's conduct was in the offer or sale of a security. Similarly, there is no legitimate dispute that Noack obtained money by means of their conduct. Finally, there is no legitimate dispute that Noack used or caused to be used the mails or means of interstate commerce. Accordingly, these instructions can be streamlined without sacrificing any substance. These three elements should not be included in the jury instructions.

**Fourth,** the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Defendants' Proposed Instruction No. 47 (SECTION 17(a)(3) OF THE SECURITIES ACT OF *1933*)**

*Your verdict must be for David Noack and against the Securities and Exchange Commission on the claim for violation of Section 17(a)(3) of the Securities Act of 1933, if you find that:*

*David Noack did not engage in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person;*

***or you find that:***

*David Noack's alleged conduct did not occur in the offer or sale of a security;*

***or you find that:***

*David Noack was not negligent;*

***or you find that:***

*David Noack did not use or cause to be used the mails or means and instrumentalities of interstate commerce*

***or you find that:***

*David Noack acted in "Good Faith," as that phrase is defined in Instruction _____.*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.*

**<u>SEC's Objections</u>:**

The SEC objects to the proposed instruction for the following reasons:

***First***, this question is substantively identical to the prior instruction, and therefore it serves no purpose. It may confuse the jury, as it suggests that Stifel has an obligation to prove these affirmative points.

***Second***, the defendants have misstated the statute. Section 17(a)(3) requires that Stifel engage in an act, practice, or course of business which would operate as a fraud or deceit upon any ***purchaser***, not "person," as the defendants have written. *See* 15 U.S.C. § 77q(a)(3).

**Third,** this instruction is unnecessarily complicated. There is no need to instruct the jurors on elements of this claim that have not been, and cannot be, disputed. As explained above, there is no real dispute that Noack's conduct was in the offer or sale of a security. Similarly, there is no legitimate dispute that Noack obtained money by means of their conduct. Finally, there is no legitimate dispute that Noack used or caused to be used the mails or means of interstate commerce. Accordingly, these instructions can be streamlined without sacrificing any substance. These three elements should not be included in the jury instructions.

**Fourth,** the SEC objects to the use of negligence but not knowledge or recklessness in the fourth item. Negligence is sufficient for Section 17(a)(2), but so are knowledge and recklessness. *See Aaron v. SEC*, 446 U.S. 680, 696-97 (1980).

**Fifth,** the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Defendants' Proposed Instruction No. 49 (SECTION 15(c)(1)(A) OF THE EXCHANGE ACT OF 1934)**

*Your verdict must be for the Securities and Exchange Commission and against Defendant Stifel Nicolaus & Company, Incorporated on the claim for violation of Section 15(c)(1)(A) of the Exchange Act, if you find that the SEC proved each of the following elements by a preponderance of the evidence:*

*FIRST, that Stifel effected a transaction in, or induced or attempted to induce the purchase or sale of, a security by means of an untrue statement of a material fact or by omitting to state a material fact necessary under the circumstances to keep the statements that were made from being misleading;*

***and***

*SECOND, that Stifel acted with intent to defraud;*

***and***

*THIRD, that Stifel used or caused to be used means and instrumentalities of interstate commerce, such as mail or telephone.*

*If you find that the SEC has failed to prove any of these elements by a preponderance of the credible evidence, or if your find that Stifel acted in "Good Faith," as defined in Instruction ___, then you must find Stifel not liable under Section 15(c)(1)(A).*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ___ and ___.*


**SEC's Objections:**

The SEC objects to the proposed instruction for the following reasons:

**First**, the defendants have misconstrued the second element of this claim. The defendants have omitted from the *scienter* standard, "or with reckless disregard for the truth." The case law cited by the defendants simply indicates that the *scienter* standard that applies to 15(c) is the same that applies to 10(b). In that case, there is no excuse for excluding from the jury instructions the second half of the *scienter* standard, *i.e.*, reckless disregard.

**Second**, the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Defendants' Proposed Instruction No. 50 (SECTION 15(c)(1)(A) OF THE EXCHANGE ACT OF 1934)**

*Your verdict must be for Stifel Nicolaus & Company, Incorporated and against for the Securities and Exchange Commission on the claim for violation of Section 15(c)(1)(A) of the Exchange Act, if you find that:*

*Stifel did not effected a transaction in, or induced or attempted to induce the purchase or sale of, a security by means of an untrue statement of a material fact or by omitting to state a material fact necessary under the circumstances to keep the statements that were made from being misleading;*

***or you find that:***

*Stifel did not act with intent to defraud;*

***or you find that:***

*Stifel did not use or cause to be used means and instrumentalities of interstate commerce, such as mail or telephone;*

***or you find that:***

*Stifel acted in Good Faith, as defined in Instruction ____.*

*In applying this Instruction, refer to the definitions that I gave you in Instructions ____ and ____.*

**SEC's Objections:**

The SEC objects to the proposed instruction for the following reasons:

***First***, this question is substantively identical to the prior instruction, and therefore it serves no purpose. It may confuse the jury, as it suggests that Stifel has an obligation to prove these affirmative points.

***Second***, the defendants have misconstrued the second element of this claim. The defendants have omitted from the *scienter* standard, "or with reckless disregard for the truth." The case law cited by the defendants simply indicates that the *scienter* standard that applies to 15(c) is the same that applies to 10(b). In that case, there is no excuse for excluding from the jury instructions the second half of the *scienter* standard, *i.e.*, reckless disregard.

**Third**, the SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Defendants' Proposed Instruction No. 51 (GOOD FAITH EXCHANGE ACT SECTION 15(c)(1)(A))**

*In determining whether the SEC has met its burden of proving that a defendant acted with an intent to defraud, as required under Section 15(c)(1)(A) claim, you should apply the definition of Good Faith provided in Instruction _____.*

**SEC's Objections:**

The SEC objects to the inclusion of the "Good Faith" instruction, for the reasons described in its objection to Defendants' Proposed Instruction No. 20 above.

**Defendants' Proposed Instruction No. 53 (AIDING AND ABETTING A VIOLATION OF SECTION 15(c)(1)(A) OF THE EXCHANGE ACT)**

*Your verdict must be for the Securities and Exchange Commission and against Defendant David Noack on the claim that David Noack aided and abetted a violation of Section 15(c)(1)(A) of the Exchange Act, if you find that the SEC proved by a preponderance of the evidence that:*

<u>*First:*</u>          *Stifel committed one or more violations of Section 15(c)(1)(A) of the Exchange Act;*

**and**

<u>*Second*</u>*:          David Noack provided substantial assistance to Stifel in violating Section 15(c)(1)(A) of the Exchange Act;*

**and**

<u>*Third:*</u>          *David Noack knew, or was reckless in not knowing, of Stifel's violation Section 15(c)(1)(A) of the Exchange Act and of his role in furthering the violation.*

*You should consider whether David Noack aided and abetted in a violation of Section 15(c)(1)(A) only if you have already found that Stifel violated Section 15(c)(1)(A) of the Exchange Act.*

*You are further instructed that in order for you to find that David Noack provided substantial assistance to Stifel in violating Section 15(c)(1)(A) of the Exchange Act, the SEC must prove by a preponderance of the evidence that David Noack affirmatively assisted or helped conceal Stifel's violation Section 15(c)(1)(A) of the Exchange Act, meaning that David Noack's conduct must have been a substantial, causal factor in the perpetration of the violation.*

*It is not enough for the SEC to prove that "but for" David Noack's actions, the violations would not have occurred. Instead, the SEC must prove that David Noack's actions were a substantial factor in bringing about the violation, and that the violation was a reasonably foreseeable result of David Noack's acts. Mere awareness and approval of the primary violation is insufficient to satisfy this element. Inaction may be a form of "substantial assistance" if you find that the silence of David Noack was intended to aid Stifel in committing the primary violation.*

*If you find that the SEC has failed to prove any of these elements by a preponderance, then you must find David Noack not liable for aiding and abetting a violation of Section 15(c)(1)(A).*

**<u>SEC's Objections:</u>**

The SEC objects to the proposed instruction for the following reasons:

***First***, the second element, as drafted by the defendants, is ambiguous. The defendants'

version, which instead reads, "Noack provided substantial assistance to Stifel ***in violating***

Section 15(c)(1)(A)" could be misconstrued as necessitating that Noack committed an

independent violation. This element would more typically – and properly – read, "Noack

provided substantial assistance to Stifel in *its violation* of Section 15(c)(1)(A)." *See, e.g., SEC v.*

*Quan*, 11-cv-00723 (D. Minn. 2014), Jury Instructions (Dckt. No. 491), at 28-29.

 *Second*, the defendants have misstated the third element. It is not required that Noack

knew or was reckless in not knowing "his role in furthering the violation." Rather, it is sufficient

that he knew or was reckless in not knowing "that his actions were part of an overall course of

conduct that was improper or illegal." *SEC v. Ferrone*, 1:11-cv-05223 (N.D. Ill. 2016), Jury

Instructions (Dckt. No. 270), at 28.

 *Third*, the defendants omit to mention that the second and third elements are inversely

related. In other words, if the jury finds that there was a minimal level of substantial assistance,

a higher level of knowledge is required. Similarly, if you find that there was a high level of

substantial assistance, then a lower level of knowledge is required. *See SEC v. Apuzzo*, 689 F.3d

204, 215 (2d Cir. 2012); *SEC v. Quan*, 11-cv-00723 (D. Minn. 2014), Jury Instructions (Dckt.

No. 491), at 28-29. The relationship between these two elements is important to communicate to

the jury and should not be omitted.

**Defendants' Proposed Instruction No. 54 (AIDING AND ABETTING A VIOLATION OF SECTION 15(c)(1)(A) OF THE EXCHANGE ACT)**

*Your verdict must be for David Noack and against for the Securities and Exchange Commission on the claim of aiding and abetting a violation of Section 15(c)(1)(A) of the Exchange Act, if you find that:*

*Stifel did not commit one or more violations of Section 15(c)(1)(A) of the Exchange Act;*

### *or you find that*

*David Noack did not provided substantial assistance to Stifel in violating Section 15(c)(1)(A) of the Exchange Act;*

### *or you find that:*

*David Noack did not affirmatively assist or help conceal Stifel's violation Section 15(c)(1)(A) of the Exchange Act, meaning that David Noack's conduct was not a substantial, causal factor in the brining about the violation.*

### *or you find that*

*David Noack did not know and was not reckless in not knowing, of Stifel's violation Section 15(c)(1)(A) of the Exchange Act and of his role in furthering the violation.*


**SEC's Objections:**

The SEC objects to the proposed instruction for the following reasons:

***First***, this question is substantively identical to the prior instruction, and therefore it serves no purpose.  It may confuse the jury, as it suggests that Stifel has an obligation to prove these affirmative points.

***Second***, the second element, as drafted by the defendants, is ambiguous.  The defendants' version, which instead reads, "Noack provided substantial assistance to Stifel ***in violating*** Section 15(c)(1)(A)" could be misconstrued as necessitating that Noack committed an independent violation.  This element would more typically – and properly – read, "Noack provided substantial assistance to Stifel in ***its violation*** of Section 15(c)(1)(A)."  *See, e.g., SEC v. Quan*, 11-cv-00723 (D. Minn. 2014), Jury Instructions (Dckt. No. 491), at 28-29.

***Third***, the defendants have misstated the third element. It is not required that NOack knew or was reckless in not knowing "his role in furthering the violation."  Rather, it is sufficient that he knew or was reckless in not knowing "that his actions were part of an overall course of conduct that was improper or illegal."  *SEC v. Ferrone*, 1:11-cv-05223 (N.D. Ill. 2016), Jury Instructions (Dckt. No. 270), at 28.

***Fourth,*** the defendants omit to mention that the second and third elements are inversely related.  In other words, if the jury finds that there was a minimal level of substantial assistance, a higher level of knowledge is required.  Similarly, if you find that there was a high level of substantial assistance, then a lower level of knowledge is required.  *See SEC v. Apuzzo*, 689 F.3d 204, 215 (2d Cir. 2012); *SEC v. Quan*, 11-cv-00723 (D. Minn. 2014), Jury Instructions (Dckt. No. 491), at 28-29.  The relationship between these two elements is important to communicate to the jury and should not be omitted.

**SEC's Objections to the Defendants' Proposed Verdict Form:**

The SEC objects to the defendants' proposed verdict form for the following reasons.

*First,* as a preliminary matter, the defendants' proposed verdict form is unnecessarily long and complex. For each claim, the defendants break down each and every element into a separate "yes or no" question for the jury. They pose a host of burdensome questions notwithstanding the fact that the jurors will have just received an exhaustive and detailed description of each of the elements of each claim. In light of the rest of the jury instructions, the breakdown of the separate elements for each claim is not necessary.

*Second*, district courts typically use a streamlined, easy-to-read, easy-to-understand verdict form in securities fraud cases. For example, in the past two years, district courts within the Seventh Circuit have presided over four SEC jury trials, in *Yang* (N.D. Ill.), *Steffes* (N.D. Ill.), *Berrettini* (N.D. Ill.), and *Ferrone* (N.D. Ill.), and Judge Kennelly, Judge Durkin, Judge Dow, and Magistrate Judge Gilbert used a streamlined verdict form each time. The defendants' proposed verdict form is far more convoluted, and is out-of-step with this accepted practice.

*Third*, even if it were appropriate to break out each element into a separate inquiry for the jury, the defendants' decision to break out the elements of each claim separately for each defendant is unnecessary. The defendants unnecessarily duplicate the jurors' burden by writing out separate special interrogatories for each defendant for those claims that included both defendants. There is no reason to spell out the elements of each claim separately for Noack and Stifel when those elements are the same.

*Fourth*, even if it were appropriate to break out each element into a separate inquiry for the jury, the SEC objects to the extent that the defendants' descriptions of the elements of the

claims are inaccurate.  Here, the SEC incorporates its above objections for each respective element of each claim.

In addition, the SEC raises the following specific objections:

The SEC objects to the defendants' misrepresentation of the *scienter* elements of Section 10(b) of the Exchange Act, 17(a) of the Securities Act, and 15(c) of the Exchange Act. Defendants ask whether Stifel acted "with intent to defraud or with reckless disregard for the truth?"  This is under-inclusive of the mental states that are compatible with a finding of *scienter*.  It would be more appropriate to ask whether Stifel acted with "intent to ***deceive, manipulate, or*** defraud."  Moreover, the defendants omit to include reckless conduct as being consistent with *scienter.*

The SEC further objects to the defendants' misrepresentation of the claim as requiring negligence, when it would also be sufficient under the law for the defendant to have acted knowingly or recklessly.  *See Aaron v. SEC*, 446 U.S. 680, 696-97 (1980).


Dated:  August 24, 2016                         Respectfully submitted,


                                               s/ Steven C. Seeger
                                               Steven C. Seeger (Seegers@sec.gov)
                                               Robert M. Moye (Moyer@sec.gov)
                                               Alyssa A. Qualls (Quallsa@sec.gov)
                                               Jeffrey A. Shank (Shankj@sec.gov)
                                               Ariella O. Guardi (Guardia@sec.gov)
                                               Kevin A. Wisniewski (Wisniewskik@sec.gov)
                                               175 West Jackson Boulevard, Suite 900
                                               Chicago, IL  60604-2615
                                               (312) 353-7390
                                               (312) 353-7398 (fax)

                                               *Attorneys for Plaintiff*
                                               *U.S. Securities and Exchange Commission*