# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>STIFEL NICOLAUS & COMPANY, INCORPORATED and DAVID W. NOACK,<br><br>                              Defendants. | Case No. 11-CV-755-JPS<br><br><br>**ORDER** |

On December 6, 2016, the Court entered Final Judgment in this case, ordering disgorgement of profits and imposing civil penalties on the defendants. (Docket #338). The Court further ordered that a Fair Fund be created pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended, for the distribution of the civil penalties and disgorgement referenced in the Final Judgement. *Id.* at 4-5. The Court directed the staff of the Securities and Exchange Commission ("SEC") to engage a tax administrator for the Fair Fund (the "Fund"), and explained that taxes, if any, and related administrative expenses of the tax administrator shall be paid from the Fund. *Id.* at 5.

On May 2, 2017, the SEC filed a motion to appoint Damasco & Associates LLP as the tax administrator. (Docket #340). Defendant Stifel Nicolaus & Co., Inc. ("Stifel") filed a response, indicating that although it did not object to the SEC's motion, it sought clarification that it would not be required to reimburse the fees and costs associated with the tax

administrator. (Docket #341). The concern Stifel raises is dispelled by the Court's Final Judgment, which makes clear that taxes and expenses related to the tax administrator shall be paid from the Fund. (Docket #338 at 5).

Therefore, finding the SEC's motion to appoint a tax administrator appropriate and having no independent basis to reject it, the Court will grant it.

Accordingly,

**IT IS ORDERED** that the Securities and Exchange Commission's motion to appoint a tax administrator (Docket #340) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that:

1.      Damasco & Associates LLP is appointed as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to the Fund.

2.      Damasco & Associates LLP shall be designated the Tax Administrator of the Fund, pursuant to Section 468B(g) of the Internal Revenue Code, 26 U.S.C. § 468B(g), and related regulations, and shall satisfy the administrative requirements imposed by those regulations, including but not limited to (a) obtaining a taxpayer identification number, (b) filing applicable federal, state, and local tax returns and paying taxes reported thereon out of the Fund, and (c) satisfying any information, reporting, or withholding requirements imposed on distributions from the Fund. The Tax Administrator shall contemporaneously provide copies of all such filings to the Commission's counsel of record.

3.      The Tax Administrator shall, at such times as the Tax Administrator deems necessary to fulfill the tax obligations of the Fund, request that the Commission's counsel of record file with the Court a

motion, supported by the Tax Administrator's declaration of the amount of taxes due, to transfer funds from the Fund on deposit with the Court to pay any tax obligations of the Fund.

4. The Tax Administrator shall be entitled to charge reasonable fees for tax compliance services and related expenses in accordance with its agreement with the Commission. The Tax Administrator shall, at such times as the Tax Administrator deems appropriate, submit a declaration of fees and expenses to the Commission's counsel of record for submission to the Court for approval and for payment from the Fund. No fees or expenses may be paid absent the Court's prior approval.

5. At least ten (10) days before any motion to pay fees and expenses is filed with the Court, the Tax Administrator shall provide the Commission's counsel of record with a draft of the supporting declaration for review. If the Commission has any corrections or objections to the declaration, the Tax Administrator and the Commission's counsel of record shall attempt to resolve them on a consensual basis. If a consensual resolution is not reached, the Commission may submit with the motion any objections along with the Tax Administrator's response thereto.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge